Francis P. Rogers *vs.* Henry J. Murch.

Worcester.   September 21, 1925. — October 16, 1925.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Sanderson, JJ.

*Bailment,* Of motor vehicle.   *Negligence,* Of proprietor of motor vehicle repair shop.   *Evidence,* Competency, Relevancy and materiality.

At the trial of an action by the owner of an automobile against the keeper of a repair shop for loss of the automobile due to alleged negligence or breach of contract of bailment on the part of the defendant, where there is no evidence or offer of proof that the plaintiff had no beneficial interest in the cause of action or that the plaintiff had assigned his rights and that the bringing of the suit or its prosecution had not been authorized by the assignee, it is proper to refuse to require answers to questions asked of the plaintiff in cross-examination, "Had you any insurance policy which gave the insurance company paying your loss a right of subrogation against the wrong doer?" and "Did you assign your rights when you settled with the insurance company to any third party?"

At the trial of the action above described, it appeared that the repair shop was closed and its single door of entrance and exit was locked between 6 p.m. and 7:30 a.m., during which hours no one legitimately drove into or from the shop, and that the plaintiff's automobile was stolen during those hours by a former employee of the defendant, who had entered through a basement window.   Subject to exception by the defendant, the defendant was permitted to be asked in cross-examination, "Did you keep a record in your garage of cars entering and leaving?" and in substance he answered that a record book in the form "approved by the statute" was kept, but that he could not state whether the plaintiff's car was entered in the book or not.   The judge charged the jury that the defendant was required by the statute to keep a record and that if the jury found that he had failed to do so as to the plaintiff's car, it was some evidence of negligence on his part.   *Held,* that, assuming without deciding that the defendant could have been found to have

been one of those bound to keep the record required by G. L. c. 90, § 32, the evidence was not relevant to prove the contention of the plaintiff that the defendant had failed to exercise due care properly to protect and safeguard the automobile of the plaintiff left in his custody and control.

While extra automobile tires and inner tubes therefor, attached to an automobile left in a repair shop for repair, are part of the equipment of the automobile and within a contract of bailment, and, upon a breach of that contract resulting in their loss, the owner can recover their value, automobile robes left in the car without the knowledge of the proprietor of the shop are at most left there only as a gratuitous bailment, and, in the absence of bad faith or gross negligence on the part of the bailee, their value cannot be recovered.

At the trial of the action above described, it appeared that the defendant's repair shop was large and contained many valuable motor cars; that the defendant supplied no night watchman; and that felonious entry and exit from the premises were easy. *Held*, that the question of the defendant's liability was for the jury.

TORT OR CONTRACT for the loss of an automobile, left by the plaintiff with the defendant for repair, and of two spare tires with inner tubes which were attached to the automobile, and of two fur robes which were contained within it. Writ dated February 21, 1920.

In the Superior Court, the action was tried before *Broadhurst*, J. The answer to the question asked of the defendant, "Did you keep a record in your garage of cars entering and leaving?" was in substance that a record book "in the form approved by the statute" was kept but that he could not state whether the plaintiff's car was entered in the book or not. Other material evidence and exceptions saved by the defendant to rulings relating thereto are described in the opinion. The defendant asked for and the judge refused to give the following rulings:

"1. There is no evidence of negligence on the part of the defendant and the plaintiff cannot recover."

"7. So far as personal property left in the car was concerned that was a gratuitous bailment."

The defendant saved an exception to the following portion of the charge of the judge to the jury:

"Now I rule, as a matter of law, for the purpose of this case, that this place of business came within that statute, and then the question for you gentlemen to decide on the evidence is, whether the defendant complied with it with

respect to keeping a record of the entry of this car into the garage, and its departure. Of course, here the claim is on the part of the plaintiff that the car was taken out by a thief. It is hardly reasonable to suppose that the defendant could be held responsible for the failure of the thief to note on the record book that he was taking the car out. But does the failure of the defendant if you find he did fail on the testimony here to keep a record of the entry of the car or even of the departure of the car indicate to you, that he was negligent in the performance of the duty resting upon him as bailee for hire. It is some evidence but whether or not it is evidence that would lead you to the conclusion that he was liable, is for you alone to say."

There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

*D. F. Gay*, for the defendant.

*J. B. Hannigan*, for the plaintiff.

PIERCE, J. This is an action of contract or tort, to recover the value of an automobile left with the defendant for repairs, as also to recover the value of two spare tires with tubes, and two fur robes, which respectively were attached to and within the car.

The defendant conducted a repair shop for Cadillac cars within the thickly settled portion of the city of Worcester. The shop had a frontage of about sixty feet on Sever Street, was a hundred and fifty feet deep, and had a capacity to, and did in fact, accommodate twenty to twenty-five cars every night. A window, large enough when open for a person to get through the lower half, led to a basement under the shop. The window could be locked, but there was evidence which would warrant a finding that it was not locked at the time hereinafter referred to. The shop, which was the largest repair shop around, was used entirely and solely for the repair of Cadillac automobiles; and no charge was ever made for storage. There was only one entrance through which an automobile could be driven. It had a big sliding door which could be fastened and released, on the inside, by moving a handle that raised or lowered a hook which, riveted on the door, swung over and caught in a slot in a

hasp of inch iron attached to the door jamb. This door was locked at five-thirty or six o'clock in the evening, and between then and seven-thirty in the morning nobody ever drove in or out of the repair shop. Automobiles were brought in through the big door and stopped somewhere in the first division of the repair shop. A person in charge of the service work ascertained what was to be done and made a written memorandum of it. This was attached to the car and it was run into the rear repair shop. When the work required to be done was finished the car was backed out of the repair shop and put in the front part of the building until it was called for by the owner. There was evidence that there were locks for all the doors and windows, but no testimony that the windows and doors on that particular night were in fact locked other than could be inferred from evidence that it was the practice for a witness to lock them before leaving at night.

On June 18, 1918, the plaintiff left his Cadillac automobile at the defendant's shop to have some repairs completed on it. The work was done and it was placed in the front of the shop on Saturday night. It could not be found when called for on Monday morning, and it is stated in the bill of exceptions that the "automobile was stolen from the defendant's shop by a person who at some time previous to the theft had been in the employ of the defendant"; that an entrance to the building was effected through the window in the basement; and that the defendant did not employ a night watchman at the time. During the trial the defendant, in cross-examination of the plaintiff, asked, "Had you any insurance policy which gave the insurance company paying your loss a right of subrogation against the wrong doer ?" The right to have an answer to the question being denied by the trial judge the defendant then asked, "Did you assign your rights when you settled with the insurance company to any third party ?" To the exclusion of these questions the defendant excepted. The exclusion was not error. If there was an assignment that fact was not a defence unless it should be further proved that the plaintiff had no beneficial interest in the cause of action and that the

bringing of the suit or its prosecution had not been authorized by the assignee.    *Moore* v. *Spiegel,* 143 Mass. 413, 417. *Kelly* v. *Greany,* 216 Mass. 296.    *Brazill* v. *Green,* 236 Mass. 93, 98.

The defendant saved an exception to the admission of the question and answer "Did you keep a record in your garage of cars entering and leaving ?"    If it be assumed without decision that the evidence warranted a finding that the defendant was either a manufacturer of and dealer in motor vehicles, or was an owner, proprietor, person in charge, or keeper of a garage, as such terms are defined in St. 1909, c. 534, §1, and therefore was required under St. 1909, c. 534, § 28, now G. L. c. 90, § 32, to keep in a book a proper record of every automobile which enters and which leaves his garage, stable, shop or place of business, we are nevertheless of opinion that the evidence, offered to prove that the book kept by the defendant did not record the entry and departure of the stolen automobile, was not relevant in proof of the contention of the plaintiff that the defendant had failed to exercise due care properly to protect and safeguard the automobile of the plaintiff left within his custody and control. *Hayes* v. *Maykel Automobile Co.* 234 Mass. 198.    *Hanna* v. *Shaw,* 244 Mass. 57.    It follows that this exception and that taken to the charge of the judge in respect to the same subject matter must be sustained.

Upon the pleadings and evidence the plaintiff should not have been permitted to recover the value of the fur robes which were left in the car by the plaintiff.    There is no evidence that the defendant or his agents knew of the presence of the robes in the car when the car was left in his custody; nor is there evidence that he undertook to care for them until the plaintiff should call for his automobile.    At most such a bailment was gratuitous and there is no evidence of the defendant's bad faith or gross negligence.    *Whitney* v. *Lee,* 8 Met. 91.    *Massaletti* v. *Fitzroy,* 228 Mass. 487.    The extra tires and tubes were a part of the equipment and were within the protection of the contract of bailment.

The request for a ruling that "There is no evidence of negligence on the part of the defendant and the plaintiff

cannot recover" was refused rightly. In consideration of all the evidence and particularly of the value of the cars which were daily housed, of the ease of entering the premises, and of opening the large door, the jury could properly find that reasonable care and prudence required that the premises should have been more securely safeguarded by other or additional locks, or, if such was not feasible, by a night watchman.

*Exceptions sustained.*