### H. C. Ohge, Appellee, v. La Salle-Randolph Garage Corporation, Appellant.

### Gen. No. 43,667.

Opinion filed May 6, 1946. Released for publication May 27, 1946.

GEORGE A. GORDON, of Chicago, for appellant.

BAKER, HOLDER, HAGSTROM & MURRAY, of Chicago, for appellee; JOSEPH G. HAGSTROM and EDWARD J. MURRAY, both of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendant to recover damages for the loss of a 1942 Pontiac sedan automobile and certain goods, chattels and personal property which were in the rear compartment, referred to in the briefs as the trunk of the automobile. He also claimed other items of damage but on the trial the only claim made was for the contents of the trunk. There was a verdict and judgment for $600 in plaintiff's favor and defendant appeals.

The record discloses that May 24, 1943, plaintiff, with his wife, drove the Pontiac automobile from Indianapolis, where they resided, to Chicago. They reached defendant's garage about 6 o'clock in the evening of that day, left their car in defendant's garage, received a check and then went into the Hotel Sherman which adjoins and is immediately east of the garage, where they stayed all night. About 5 o'clock in the afternoon of the next day plaintiff went to the garage, presented his claim check at the cashier's cage but was informed that the car had been stolen. The loss was reported to the police.

Plaintiff was a traveling salesman and field engineer for the Clayton Manufacturing Company, manufacturing valves, and his duties consisted of selling valves to jobbers and educating them as to the use of his company's products. From Chicago he intended to go to Kansas City and St. Louis on business but on account of the fact that his car and the contents had been stolen he did not continue his trip until May 28.

The evidence shows that when plaintiff drove his car into the garage, which is located on the northeast

corner of Randolph and La Salle streets, in Chicago, he turned it over to defendant's employees. The garage was about 4 stories high and the car was taken on an elevator to one of the upper floors. The trunk was in the usual place at the rear of the automobile and in it were movie cameras and projectors together with valve models which were incident to the business in which plaintiff was engaged.

There was but one entrance and exit to the garage which would permit but one automobile to pass into or out of the garage at a time. Plaintiff was given a check or slip, as is usual, when he left his car with defendant. He testified that he told defendant's agent that he wanted to unload some grips to take into the adjoining Hotel Sherman, which he did, and examined the door of the trunk to see if it was locked before he left for the hotel, which he and his wife then entered and registered. He testified further that the things which he and his wife personally needed on the trip were inside of the car—"I had a small bag with personal articles for the night's use."

■ Counsel for defendant in his reply brief, in explaining why plaintiff sought only to recover damages for the loss of the contents of the trunk says: "To clarify the matter for this Court, the fact is that plaintiff was compensated for the loss of his car before it was recovered and the car was turned over to the party who made the payment. This statement of fact, while not supported by the record, is presented in this brief without any objection by counsel for plaintiff." There is no explanation as to what took place when the automobile was taken from the garage. In these circumstances obviously defendant is liable for the loss of the car. *Clemenson v. Whitney*, 238 Ill. App. 308; *Byalos v. Matheson*, 243 Ill. App. 60, affirmed, 328 Ill. 269; *Miles v. Int. Hotel Co.*, 289 Ill. 320; *Schaffer v. Washington Safety Dep. Co.*, 281 Ill. 43; *Cumins v. Wood*, 44 Ill. 416; *Heyman & Bros. Inc. v. Marshall Field & Co.*, 301 Ill. App. 340.

David Meyers, president of defendant corporation, testified that he had been operating the garage for ten years, overseeing the employees, etc.; that he supervised the management of the entire business; that the garage would hold about 200 cars; that there were about twelve employees. That defendant made no charge for storing the contents of an automobile. "We have an office to store any articles in a car, if the customer wants it done." That signs were posted all over for that purpose some of which he produced and they are in the record; that these signs were in the garage May 24, 1943, when defendant drove his car in; that the signs were illuminated and located between two elevators facing the entrance to the garage. When a car drives in the signs face it and the signs cannot be missed by the driver or anyone in the car. One of these signs was enclosed by a black frame about 2 x 2½ feet and on a white background in large letters was printed: "Please check valuables with cashier. Not responsible for articles left in cars. The Management." Directly below this sign was a larger sign which also faced the entrance, enclosed in a black frame about 2 x 3½ feet with a white background on which the following was painted in large letters: "Read your claim check. Employees do not have authority to accept responsibility for articles left in cars. Free checking service in office. Remove key to spare tire compartment—from your key ring. Thank you. David X. Meyers and Staff."

It is clear that the trunk at the rear was locked at the time. Counsel further say that "Within the car, in open line of vision to anyone seated in the automobile, were articles such as traveling bags, cases, models, cameras, projectors, all suitable, incident and necessary to the occasions of traveling." There is no merit in this statement. The items mentioned were not visible. They were locked in the trunk at the rear of the car.

There was no evidence offered that the defendant or any of its employees knew that plaintiff was a traveling salesman and was en route to St. Louis, Kansas City or any other place. There is not a word of evidence or argument on this question to indicate that any of defendant's employees knew that plaintiff had anything in the car which he would use on his trip; that he was going to take a trip, or that he had ever been to the garage before.

Counsel for defendant contends that the court erred in denying defendant's motion for judgment notwithstanding the verdict and also in denying its motion for a new trial and that in any event there is no evidence to warrant the amount of damages assessed, except as to the value of nine of the articles, the total value of which amounted to $389.50. But two of these, viz., the bag and its contents amounting to $44 could be considered personal effects, while the verdict and judgment is for $600.

Plaintiff in his complaint set up 34 specific items and the loss occasioned as to each, the total aggregating $951.45. In reply to this contention counsel for plaintiff say that: "Where damages are of such a character that their amount is properly to be estimated by the jury from the facts and circumstances in evidence, there may be an award of substantial damages, although there is no evidence directed toward their amount." In the instant case we think there is no merit in this contention. The only items plaintiff was claiming damages for, as the case went to trial, were the losses occasioned by the failure of defendant to return the 34 items mentioned in the complaint. We hold that no recovery can be had in this case for any item plaintiff had in his locked trunk. *Willis v. Jensen,* 82 Utah 148, 22 Pac. (2nd) 220. There defendant operated a garage. Plaintiff drove in, got a claim check and went over to his brother's home. At the time there were two extra tires and

tubes, attached to the car, and inside the car 4 sample cases containing samples of merchandise plaintiff was selling. The following morning plaintiff returned to the garage, presented his check and was informed that the car had been delivered to a third party. Later in the day the car was recovered but the two extra tires, tubes and merchandise in the 4 sample cases were missing. Plaintiff brought an action against defendant to recover the value of the tires, tubes and merchandise. Judgment was entered in plaintiff's favor for the value of the two tires with tubes. The case was appealed to the Supreme court where the judgment was affirmed. The court said: "In the present case there was no express notice of the presence of the sample cases. There is no evidence that the defendant or any of his employees had knowledge of the presence of the cases, or of their contents." In a specially concurring opinion it was said: "There may be some things, not a part of the automobile or attached to it, such as an ordinary traveling bag or suitcase, in the car on the seat or otherwise so open and obvious that but to look is to see it, which, though no notice is given or special attention called to it by the bailor, may nevertheless be covered by the bailment, not only as to the bag or suitcase itself but also as to the contents of ordinary wearing apparel or the like, but not as to unusual things such as money, jewelry, or other unusual things or articles or things not of personal effects ordinarily expected to be carried in a bag or suitcase for personal use in travel." In the instant case, looking at the automobile (and the trunk) defendant would have no notice as to the contents of the trunk. Substantially to the same effect are *Rogers v. Murch,* 253 Mass. 467; *D. A. Schulte, Inc. v. North Terminal Garage Co.,* 291 Mass. 251; *Moss v. Janetti Body Co.,* 101 Pa. Super. Ct. 1.

Since in any view of the facts plaintiff was not entitled to recover, the court should have entered judgment notwithstanding the verdict.

The judgment of the Circuit court of Cook county is reversed.

*Judgment reversed.*

MATCHETT, P. J., and NIEMEYER, J., concur.