**AMPCO AUTO PARKS, INC.,**
Appellant,

v.

**R. W. WILLIAMS et ux., Appellees.**

No. 18392.

Court of Civil Appeals of Texas, Dallas.

Oct. 31, 1974.

Rehearing Denied Nov. 27, 1974.

H. Dee Johnson, Jr., Johnson & Cravens, Dallas, for appellant.

B. Reagan McLemore, Price, Fisher, Hill, Patton & McLemore, Longview, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The problem presented by this appeal is that of divisible bailment. Specifically, the question is whether an automobile parking station, as bailee, is legally liable to the owner of undisclosed personal property contained in the trunk of an automobile left at the station to be parked and which was thereafter negligently lost.

Ampco Auto Parks, Inc. (AMPCO) operated a commercial parking station in Dallas, Texas. On July 22, 1972 R. W. Williams was visiting in Dallas and driving a rented automobile. The trunk of the automobile contained clothing and other personal belongings owned by Mr. and Mrs. Williams. In addition to ordinary clothing the list of personal property included such items as silver dollars, silver quarters, pictures, antique family heirlooms, jewelry, and a pre-Columbian bell (1000 B.C.). These items had a value of $4,086.10. On the day in question Williams parked the rented automobile at AMPCO's parking lot and received a "stub" from an employee. At that time none of the items of personal property were visible to anyone outside the car and Williams did not inform AMPCO's employee concerning the contents of the trunk of the automobile. In fact he deliberately did not tell the AMPCO employees of the valuables contained in the trunk. A short time later the automobile, and its contents, was stolen from the parking station. Mr. Williams and his wife brought this action against AMPCO seeking to recover the value of the personal property contained in the trunk of the automobile. It was alleged that AMPCO was a bailee of the contents of the vehicle as well as the vehicle itself, and was negligent in allowing same to be stolen. The owner of the automobile was not a party to the suit. AMPCO responded with a general denial.

Trial was had before the court and a jury. In response to special issues submitted the jury found that AMPCO was negligent in failing to protect from theft the vehicle and its contents and that such negligence was a proximate cause of the loss. The court submitted to the jury special issue number five, together with its instruction, as follows:

> Do you find from a preponderance of the evidence that at the time and on the

occasion in question the defendant acting as a reasonable and prudent person should have foreseen that the plaintiffs' automobile contained valuable articles of clothing therein?

You are instructed that the defendant is charged with notice of not only the property of which he has actual knowledge, but also the property he could reasonably expect to find contained within the plaintiff's automobile.

In response to this question the jury answered "We do not."

AMPCO moved for judgment upon the verdict. Williams also moved for judgment and requested the court to set aside and disregard the jury's answer to special issue number five. The sole ground for this motion was that "it was a special defensive issue not supported by the pleadings." The trial court, in its judgment, recited that: "The court finding that Special Issue No. 5 was a special defensive matter which was not raised by the pleadings, the same is hereby disregarded." The court then rendered judgment in favor of Williams for the sum of $4,086.10. We are of the opinion and so hold that the trial court erred in rendering such judgment and we therefore reverse and render.

■ It is settled law in this state that in a bailment for the mutual benefit of the bailor and bailee, the bailee owes the bailor a duty of ordinary care and safekeeping the subject matter of the bailment. It is equally well settled that the duty of ordinary care arises out of the relationship of bailor and bailee, which must of course be created by contract. In this case appellant

AMPCO admits that it accepted bailment of the automobile but contends there was never any contract or agreement between it and Williams that AMPCO would accept bailment of the undisclosed valuable personal property contained in the trunk of the automobile. This brings into consideration the concept of a split or divisible bailment.

■ The law recognizes the well-settled distinctions between the liability of a bailee of a bailed vehicle, and its liability for contents of the vehicle. In most cases the liability of a bailee for hire of an automobile, such as a parking station proprietor, or a garage keeper, the loss of, or damage to, the contents of the automobile, is made to depend on the absence or presence of notice or knowledge of the contents. 8 Am. Jur.2d, Bailments § 64, at 969–970 (1963) and cases therein cited.

In 14 Blashfield, Automobile Law and Practice § 476.4, at 416 (1969) the rule is thus stated: "In the absence of notice or a special agreement, it has been held that a parking lot proprietor cannot be held liable for the loss of articles left in a parked automobile other than the usual ordinary equipment of the automobile, but, with regard to property in plain view, or of which he has notice, he has the obligation to exercise reasonable care for its safekeeping."

To the same effect see 27 A.L.R.2d 796 § 2; 8 C.J.S. Bailments § 15b (1962); and Feather, Bailment-Articles Left in Automobiles, 10 Baylor L.Rev. 216 (1958), in which a large number of cases from states throughout the United States are cited in support of this rule of divisible bailment.[1]

1. Ohge v. LaSalle-Randolph Garage Corp., 328 Ill.App. 665, 66 N.E.2d 725 (1946); Drybrough v. Veech, 238 S.W.2d 996 (Ky. 1951); Munson v. Blaise, 12 So.2d 623 (La.App.1943); Rogers v. Murch, 253 Mass. 467, 149 N.E. 202 (1925); Schulte, Inc. v. North Terminal Garage Co., 291 Mass. 251, 197 N.E. 16 (1935). Liggett v. Glen Oaks Club, 28 N.Y.S.2d 84 (Supp.App.T.1941) aff'd without op., 30 N.Y.S.2d 855; Palotto v. Hanna Parking Garage Co., 46 Ohio Law Abst. 18, 68 N.E.2d 170 (Ct.App.1946); Willis v. Jenson, 82 Utah 148, 22 P.2d 220 (1933); Barnette v. Casey, 124 W.Va. 143, 19 S.E.2d 621 (1942); Riggs v. Bank of Camas Prairie, 34 Idaho 176, 200 P. 118 (1921) (recovery allowed for disclosed, but not for undisclosed, contents); Mickey v. Sears, Roebuck & Co., 196 Md. 326, 76 A.2d 350 (1950); Sawyer v. Old Lowell Nat'l Bank, 230 Mass. 342, 119 N.E. 825 (1918); Cerreta v. Kinney Corp., 50 N.J.Super. 514, 142

In Texas there has apparently been very little litigation concerning the exact problem facing us in this case. In Shamrock Hilton Hotel v. Caranas, 488 S.W.2d 151 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.), plaintiff's wife, after completing a meal in the Shamrock Hilton Hotel Restaurant, departed the dining area leaving her purse behind. The purse was found by the hotel busboy who, pursuant to instructions of the hotel, dutifully delivered the purse to the restaurant cashier. A short time thereafter the cashier gave the purse to a man other than the husband of the lady who lost the purse. The purse allegedly contained $5.00 in cash, some credit cards, and ten pieces of jewelry said to be worth $13,062.00. Plaintiff sued the hotel for the value of the contents of the purse and recovered judgment. In affirming the trial court's judgment the court of civil appeals recognized the general rule in other jurisdictions that a bailee is liable not only for lost property of which he has actual knowledge but also the property he could reasonably expect to find contained within the bailed property. The court concluded that the burden rested upon the plaintiffs to prove the jewelry was a part of the total bailment and the issue of whether it was reasonably foreseeable that such jewelry might be contained within the lost purse ordinarily should have been submitted by plaintiffs. Since it was not submitted, and no objection was made to the omission of such issue, the court held that the issue was tried by consent and found in favor of plaintiffs. The court concluded, that as a matter of law, it could not say that there was no evidence upon which a jury could reasonably find that it was foreseeable that such jewelry might be found in a purse under such circumstances

as presented. The court pointed out that people who are guests in hotels such as the Shamrock Hilton, a well-known Houston hotel, frequently brought expensive jewelry with them. Thus, in affirming the trial court's judgment in favor of plaintiffs, the appellate court held the hotel liable for constructive knowledge of the contents of the purse under the peculiar circumstances presented.[2]

■ In a recent case, Allright, Inc. v. Elledge, 515 S.W.2d 266 (1974), the Supreme Court, in answering certified questions, held that a bailee's liability for articles left in an automobile cannot be limited unless the bailor is aware of the limitation and has adequate bargaining power in accepting or rejecting the limitation. In the instant case, of course, the question is not one of limiting the liability for the bailed articles, but whether the undisclosed articles contained in the locked trunk of the automobile were in fact the subject of the bailment. A bailee's duty for the protection of personal property may arise out of either an express or an implied contract bailment on delivery of the property. Because this relationship is a contractual one, the duty and liability ordinarily cannot be thrust upon a bailee without his knowledge or consent, but · must be voluntarily assumed. Rust v. Shamrock Oil & Gas Corp., 228 S.W.2d 934 (Tex.Civ.App.—Amarillo 1950, no writ) and Adair v. Roberts, 276 S.W.2d 565 (Tex.Civ.App.—Texarkana 1955, no writ).

■ While there do not seem to be any Texas cases dealing directly with the question here presented we are of the opinion that the rule of law laid down in the cases from other jurisdictions, and the rationale

A.2d 917 (1958) ; Pennington v. Farmers' & Merchants' Bank, 144 Tenn. 188, 231 S.W. 545 (1921) ; Weisman v. Holley Hotel Co., 128 W.Va. 476, 37 S.E.2d 94 (1946) ; Parkrite Auto Park v. Badgett, 242 S.W.2d 630 (Ky.1951) ; Campbell v. Portsmouth Hotel Co., 91 N.H. 390, 20 A.2d 644 (1941) ; and Hallman v. Federal Parking Service, Inc., 134 A.2d 382 (D.C.Mun.Ct.App.1957).

2. Judge Sam B. Johnson, in a dissenting opinion, pointed out that if a bailment was created under these circumstances it was certainly unintentional; that neither the plaintiff nor the hotel could be said to have an intent to create a bailment of the expensive jewelry.

in the *Caranas* case, *supra,* should be followed. Appellees admit that the articles of personal property were confined and concealed within the trunk of the automobile and therefore could not have been observed by employees of appellant AMPCO at the time the automobile was tendered for parking. Appellee Williams not only failed to advise the employees of AMPCO of the presence of particular items but deliberately and purposefully refrained from doing so. He testified that he was careful not to tell the AMPCO employees concerning the existence of the property. He said that he made a practice of never telling parking lot employees about such property because it might encourage theft of the property. Thus the record demonstrates there was neither express knowledge nor notice on the part of AMPCO concerning the existence of property in the trunk of the automobile having a value in excess of $4,000.-00 and including articles of antique jewelry, objects of art, silver coins, etc. While it might be reasonably anticipated by an operator of a parking garage that the trunk of an automobile might contain the usual objects such as spare tires, jacks, etc., it is difficult to charge one with knowledge of such valuable and extraneous objects as were found in the rented car being used by the Williamses. This presents a different situation than that in *Caranas* where it could be argued that a person should anticipate the contents of a lady's purse. Even so, as pointed out in *Caranas,* the question of notice is one of fact to be determined by the fact finder.

 We hold that the issue number five submitted by the court to the jury, together with its accompanying instruction and definition, correctly presented the issue to the jury on the vital question of whether the defendant could reasonably foresee that the automobile contained valuable articles which is an essential element to legal liability under the law of bailment.

The negative answer of the jury to that issue is sufficient to completely bar the appellees from recovering.

 The action on the part of the trial court in disregarding the jury's answer to special issue number five was obviously error. A judgment *non obstante veredicto* can only be granted by a trial court where an instructed verdict would have been proper. Texas Rules of Civil Procedure, rule 301. Special issue findings ought to be disregarded by the trial court only when such issues were immaterial or have no support in the evidence. Eubanks v. Winn, 420 S.W.2d 698, 701 (Tex.1967). From what has been said it is obvious that an instructed verdict would not have been proper in this case. The issue submitted was not immaterial since it went to one of the essential elements of appellee's case against appellant, namely the implied knowledge of the contents of the vehicle so as to create a valid bailment. As said in *Caranas, supra,* the burden was upon appellees to establish this necessary element of knowledge, either express or implied. It was a part of Williams' case in this instance. The issue was not a defensive issue since the burden was not upon AMPCO to establish a lack of knowledge of the contents of the vehicle. AMPCO's general denial raised the issue which was properly submitted by the trial court and which was answered by the jury in such a manner as to deny liability against appellant. The Williamses do not contend here that the answer of the jury to special issue number five was not supported by evidence. There is ample evidence in this record to support the jury's answer. Thus, there was no basis in law for the trial court to disregard the jury's answer to this material question.

We sustain appellant's point of error and reverse the trial court's judgment and here render judgment that appellees Williams take nothing from appellant AMPCO.