**Marlene BERLOW d/b/a Marle, Appellant,**

v.

**SHERATON DALLAS CORPORATION, Appellee.**

No. 20908.

Court of Appeals of Texas, Dallas.

Feb. 3, 1982.

Rehearing Denied March 4, 1982.

Bruce A. Budner, Michael Sean Quinn, Durant, Mankoff, Davis & Wolens, Dallas, for appellant.

Thomas E. Kurth, Charles Perry, Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, for appellee.

Before GUITTARD, C. J., and WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

This is an appeal from a judgment, on an alternative motion by defendant Sheraton Dallas Corporation (the hotel) for judgment on the verdict or judgment notwithstanding the verdict, that plaintiff (Berlow) take nothing in her suit against the hotel for the loss of a package containing jewelry. We reverse and render judgment in favor of Berlow.

Berlow, a designer and manufacturer of jewelry, frequently authorized her parents (the Soifers) to represent her in showing and selling jewelry to fashionable department stores. In January, 1978, Berlow authorized the Soifers to show ten pieces of jewelry in Dallas. Berlow arranged to have a package containing the jewelry delivered by United Parcel Service (UPS) to her parents at the hotel. The package was marked "insured" on the outside and showed Berlow's return address. The package did not arrive at the hotel during the four-day stay of the Soifers. During their stay, each of the Soifers asked frequently about it at the front desk and, before checking out, the Soifers informed front desk personnel that this was a very important package, although they deliberately refrained from telling them the contents or value of the package. They asked that the hotel refuse delivery of it, and personnel at the front desk agreed to refuse its delivery. Agreeing to and subsequently refusing delivery of packages upon the oral instructions of guests to front desk attendants was stan-

dard procedure for the hotel. Contrary to its agreement, however, when the package arrived the hotel took delivery of it, stored it at the front desk for a month, and then turned it over to the United States Post Office (USPO) without postage, marked "Return to Sender." This, too, was standard procedure for the hotel in dealing with packages stored at the front desk. No attempt was made to determine if the Soifers had been recent guests at the hotel, nor to contact Berlow. The package was lost. At trial, Berlow testified that the fair market value of the jewelry was $10,231.00.

Answering special issues, the jury found that the hotel was negligent in its acceptance, care, and handling of the package, and that this negligence both increased the risk of loss of the package and was the proximate cause of the loss. The jury refused, however, to find the hotel grossly negligent. They also found that Berlow failed to use ordinary care to save herself from loss but that this failure was not a proximate cause of her loss. Additionally, the jury found that the hotel did not substantially perform its agreement to refuse delivery of the package by delivering it to USPO and that Berlow's loss was suffered because she relied on the hotel's promise to refuse the package. Finally, the jury found that the hotel, acting as a reasonable and prudent person, should have foreseen that the package contained property of substantial dollar value. The jury awarded Berlow $10,231.00, the fair market value of the jewelry, $10,500.00 in attorney's fees, and no exemplary damages.

Berlow moved for judgment on the verdict and the hotel moved alternatively for judgment on the verdict or judgment notwithstanding the verdict. The trial court granted the hotel's motion and rendered judgment for it, without specifying on which ground judgment was being rendered. On appeal, if the judgment is proper in either respect, the trial court must be affirmed; thus a discussion of each ground on which judgment could have been entered is necessary.

## I. THE HOTEL'S MOTION FOR JUDGMENT ON THE VERDICT

■ The hotel contends that a judgment was proper on its motion for judgment on the verdict because, under Tex.Rev.Civ. Stat.Ann. art. 4593 (Vernon 1976), the risk of loss of the package was placed on Berlow as a matter of law. We do not agree. Article 4593 provides:

Whenever any person shall allow his baggage or other property to remain in any hotel, apartment hotel or boarding house after the relation of innkeeper and guest has ceased without checking same, or shall leave his baggage or other property in the lobby of any hotel, apartment hotel or boarding house prior to checking it or becoming a guest, or shall forward any baggage to such hotel, apartment hotel or boarding house before becoming a guest, said hotel, apartment hotel or boarding house keeper may, at his option, hold such baggage or other property at the risk of the said owner.

Under this statute, a hotel's liability is limited only under specifically enumerated circumstances, and, under the facts of this case, no such circumstances exist which would limit the hotel's liability. Berlow did not "allow" the package to remain at the hotel, instead she, through the Soifers, elicited a promise from the hotel *not* to permit the package to enter the premises and was unaware that this promise was not carried out. Nor did Berlow forward the package to the hotel at her risk before the Soifers became guests. This section of the statute contemplates that the property reaches the hotel before the guest and awaits the guest's arrival at the owner's risk. In the present case, Berlow's package arrived only after the Soifers left. The hotel was not entitled to a judgment on the verdict under Article 4593.

■ The hotel was likewise not entitled to a judgment on the verdict under the jury's finding that it was not grossly negligent. The hotel argues that the bailment of the package was merely gratuitous and, as a gratuitous bailee, it can be held liable only for gross negligence. See, *Citizen's*

*National Bank v. Ratcliff & Lanier,* 253 S.W. 253 (Tex.Com.App.1923, judgment adopted). Because we find for reasons explained below that the bailment of the package was a bailment for mutual benefit and not a gratuitous bailment, the hotel was liable for its ordinary negligence. *Citizens National Bank v. Ratcliff & Lanier,* 253 S.W. at 255; *Shamrock Hilton Hotel v. Caranas,* 488 S.W.2d 151 (Tex.Civ.App.— Houston [14th Dist.] 1972, writ ref'd n.r.e.). The hotel was not entitled to a judgment on the verdict on this ground.

## II. THE HOTEL'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

■ Because judgment for the hotel was not proper on the verdict, the trial court may be affirmed only if it properly rendered judgment notwithstanding the verdict. Before a judgment notwithstanding the verdict is proper, there must be no evidence of probative force upon which the jury could have made the findings relied upon. *Harbin v. Seale,* 461 S.W.2d 591, 592 (Tex.1970); Tex.R.Civ.P. 301. On appeal, all evidence must be considered in the light most favorable to the jury's findings, disregarding all contrary evidence. *Elliott v. Eliott,* 597 S.W.2d 795, 800 (Tex.Civ.App.— Corpus Christi 1980, no writ). *See also Rogers v. Searle,* 544 S.W.2d 114, 115 (Tex. 1976). We find that a bailment was established as a matter of law, that the bailment was one of mutual benefit as a matter of law, and that there was some evidence to support the jury's findings on negligence, proximate cause, and damages. Because the form or omission of special issues on some of the elements of bailment for mutual benefit are complained of in crosspoints by the hotel, each element will be discussed.

■ In order to constitute a bailment there must be a contract, express or implied, delivery of the property to the bailee, and acceptance of the property by the bailee. *Sanroc Co. International v. Roadrunner Transportation, Inc.,* 596 S.W.2d 320, 322 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Uncontroverted evidence

showed that the hotel, rather than refusing delivery, took possession of Berlow's package and stored it on the premises, under lock and key, for one month. Assuming custody of the package in this manner established an implied contract to bail the package. Delivery of the package and acceptance of it by the hotel were stipulated; thus bailment of the package was established as a matter of law. *See Sanroc Co. International v. Roadrunner Transportation, Inc.,* 596 S.W.2d at 322.

■ That the bailment was one for mutual benefit and not merely gratuitous was also established as a matter of law. A bailment is for the mutual benefit of the parties, although nothing is paid directly by the bailor, where property of the bailor is delivered to and accepted by the bailee as an incident to a business in which the bailee makes a profit. *Wilson v. Hooser,* 573 S.W.2d 601, 602–603 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). The Soifers were paying guests at the hotel. It is not unusual for patrons to have packages delivered to them at a hotel, and, in this case, the evidence showed that the practice occurred frequently enough that the hotel developed standard procedures for dealing with packages. Although no direct charge was made, the price paid for the room also included the incidental services provided by the hotel. This provided consideration for the implied agreement to bail Berlow's package and established a bailment for mutual benefit as a matter of law.

■ Having entered into a bailment for mutual benefit, the hotel became liable for its ordinary negligence. *Citizen's National Bank v. Ratcliff & Lanier,* 253 S.W. 253 (Tex.Com.App.1923, judgmt. adopted); *Shamrock Hilton Hotel v. Caranas,* 488 S.W.2d at 155. The jury found that the hotel was negligent in its acceptance, care, and handling of the package, and there was some evidence to support this finding. The evidence showed that the hotel violated its own standard procedure, as well as its express agreement with the Soifers, to refuse delivery of packages when requested to do so. The evidence also showed that the

package was stored for one month, during which the hotel made no attempt to contact the Soifers or Berlow, then delivered to USPO without postage. This raises some evidence upon which the jury could find the hotel negligent.

By crosspoint, the hotel argues that, as a matter of law, it was not negligent. According to the hotel, because the package was delivered to USPO for return to Berlow, the liability for any loss rested with USPO as a subsequent bailee and not with the hotel. We do not agree. While the evidence showed that Berlow's package was lost while in the custody of USPO, it also showed that the hotel gave the package, which was insured when delivered to the hotel by UPS, to USPO without insurance or postage. This was evidence of negligence by the hotel sufficiently strong to require submission of the issue to the jury. The hotel, therefore, did not establish its non-negligence as a matter of law.

There was also some evidence to support the jury's finding that the hotel's negligence was a proximate cause of Berlow's loss. In Texas, proximate cause is cause in fact plus foreseeability. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex.1980). The evidence showed that instead of refusing delivery of the package, and thereby causing its immediate return to Berlow by UPS, the hotel took the package and attempted to return it, without insurance or postage, by a different method. This is some evidence that Berlow's loss was caused, in fact, by the hotel's negligent handling of the package. Moreover, because the package was given to USPO without postage, the jury could find that the hotel should have reasonably foreseen that the package would never reach Berlow.

Likewise, there was some evidence to support the jury's finding that it was foreseeable that the package contained property of substantial dollar value. In *Shamrock Hilton Hotel v. Caranas*, 488 S.W.2d 151 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.), the court upheld a hotel's liability for the loss of a woman's purse containing jewelry worth $13,000. The evidence showed that the woman left the purse in the hotel dining room where a bus boy found it and turned it over to the cashier. The cashier gave the purse to a man who claimed it, and the purse and jewelry were lost. Rejecting the hotel's argument that it was not foreseeable that the purse contained jewelry worth $13,000, the court, holding that foreseeability is a question for the jury to decide, stated "it is known that people who are guests in hotels such as the Shamrock Hilton ... not infrequently bring such expensive jewelry with them." *Id.* at 155. In the present case, this "known" practice of guests having valuables in hotels, together with evidence showing that the hotel provided a safe, used often, in which guests could store valuables and evidence showing that the package was marked "insured", was some evidence from which the jury could find it reasonable for the hotel to foresee that guests would bring or deliver items of value to the hotel. *See also Ampco Auto Parks, Inc. v. Williams*, 517 S.W.2d 401 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.).

By crosspoint, the hotel maintains that the special issue on foreseeability submitted to the jury was improperly worded. The special issue given by the trial court asked whether the hotel, acting as a reasonable and prudent person, should have foreseen that Berlow's package contained property of substantial dollar value. The hotel argues that the special issue should have asked whether it was foreseeable that Berlow's package contained valuable jewelry. We do not agree. In *Ampco Auto Parks, Inc. v. Williams*, 517 S.W.2d 401 (Tex.Civ. App.—Dallas 1974, writ ref'd n.r.e.) this court held that the question of whether it was foreseeable that a rented car parked in a parking station contained articles such as antique jewelry, coins, and objects of art was a fact question to be determined by the jury. In so holding, this court stated "the issue ... submitted by the court to the jury ... correctly presented the issue to the jury on the vital question of whether the

defendant could reasonably foresee that the automobile contained valuable articles . . . ." *Id.* at 405. The hotel's crosspoint is overruled.

■ Finally, there was some evidence to support the jury's award of damages. Berlow, who received a Master of Fine Arts degree in jewelry design, professionally designed and manufactured jewelry. She was qualified as an expert to give her opinion regarding the value of the lost jewelry. She testified that although she had never sold jewelry of this type in Dallas, she had sold jewelry in many cities in the country and prices did not vary between cities. Her testimony, based on this experience, was that the value of the jewelry was $10,-231.00. This was some evidence to support the jury's findings on the amount of damages.

Because there was some evidence on each element of recovery on Berlow's theory that she and the hotel entered into a bailment for mutual benefit, the trial court erred in granting the hotel's motion for judgment notwithstanding the verdict; thus judgment should be rendered for Berlow. The hotel, however, alternatively complains by crosspoint that the evidence was insufficient to support the jury's findings and requests reversal and remand rather than rendition. *See Muro v. Houston Fire and Casualty Insurance Co.*, 329 S.W.2d 326, 332, 333 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.); Tex.R.Civ.P. 324; Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 1 (1960). We have reviewed the evidence and find it sufficient to support the jury's findings. The hotel's crosspoints on this ground are overruled.

■ The hotel also complains by crosspoint that attorney's fees were improperly awarded because Berlow's cause of action was negligence, grounded in tort theory, for which attorney's fees were not recoverable. We do not agree. Berlow established a right to recovery under a bailment for mutual benefit of the parties. The foundation of bailment lies in contract, *Sanroc Co. International v. Roadrunner Transportation,*

*Inc.*, 596 S.W.2d 320, 322 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ), thus attorney's fees were recoverable under Tex. Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1982).

Reversed and judgment rendered in favor of Berlow for $10,231.00 damages and $10,-500.00 attorney's fees.