**ALLRIGHT, INC., Appellant,**

**v.**

**Talmage M. GUY, Appellee.**

**No. C14–84–815–CV.**

Court of Appeals of Texas, Houston (14th Dist.)

June 13, 1985.

Rehearing Denied July 18, 1985.

Chris A. Stacy, Houston, for appellant.

William B. Le Vay, Ramsey & Murray, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

ELLIS, Justice.

Talmage M. Guy was awarded damages and attorney fees from Allright, Inc. after Guy's car was stolen from Allright's parking lot. Appellant Allright appeals this judgment contending: (1) the court improperly awarded attorney fees; (2) appellee Guy's action was barred by the statute of limitations; (3) the evidence did not support the amounts awarded for the contents of the car; and (4) there was no evidence that the repairs were reasonable or necessary. We affirm the judgment.

The facts giving rise to this cause of action are briefly stated. Appellee left his car to be parked in appellant's lot. Appellant's parking attendant took the keys to the car and parked it. When appellee returned to the lot, the attendant told him the car had been stolen. Appellee immediately filed a claim with appellant. The car was eventually located, but had been damaged. Appellee sued for these damages alleging negligence and bailment. The jury found in appellee's favor on both theories and a judgment was entered for $1,595.90 and attorney fees. Appellant brings seven points of error challenging this judgment.

In points of error one, two and four, appellant contends that the trial court erroneously awarded attorney fees under article 2226. He first argues that the

award was improper because there was no evidence that appellee made a presentment of his claim as required by article 2226. Although article 2226 does require presentment of a claim, it does not require that presentment be made in any particular manner. *Jones v. Kelley,* 614 S.W.2d 95, 100 (Tex.1981). Rather, all that is necessary is the assertion of the right to recover and a request for recovery. *King Optical v. Automatic Data Processing, Inc.,* 542 S.W.2d 213, 217 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). *See Various Opportunities, Inc. v. Sullivan Investments, Inc.,* 677 S.W.2d 115, 119 (Tex.App.—Dallas 1984, no writ). The record indicates that upon his return to the lot, appellee gave the attendant his ticket and the parking fee. When he learned that the car was stolen, he completed a claim form and delivered it to appellant's office. He also called appellant's office on the day of the theft and discussed the matter with an employee. We believe these facts constitute "presentment" under the statute. Appellant's first point of error is overruled.

Appellant complains in his fourth point of error that attorney fees were improperly awarded under article 2226 because this was a negligence action. While appellant correctly points out that article 2226 attorney fees are recoverable only for contractual-type claims, he fails to recognize that appellee received a favorable judgment on both negligence and *bailment* causes of action. This court has previously specifically held that bailment is a contract action and therefore attorney fees are recoverable under article 2226. *Allright, Inc. v. Burgard,* 666 S.W.2d 515, 517 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Consequently, appellant's fourth point is overruled.

Similarly, appellant argues that the attorney fee award was erroneous because there was no finding of breach of contract. In answer to special issues one and two, the jury found that the parties entered a contract of bailment and that appellant did not redeliver the car under that contract. This is equivalent to a finding of breach of contract and appellant's second point of error is therefore overruled.

In his third point of error, appellant contends that appellee's action was barred by the two year negligence statute of limitations. This, however, is the second trial of this cause. The original action was dismissed by this court for want of jurisdiction in the trial court. *Allright, Inc. v. Guy,* 590 S.W.2d 734 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). As we pointed out in our previous opinion, appellee could refile in the proper court within sixty days of the date the decision became final. TEX.REV.CIV.STAT.ANN. art. 5539a (Vernon 1958). Our records indicate that appellee filed a writ of error with the supreme court and it was finally disposed of on May 16, 1980, when the writ was refused, no reversible error. Appellee refiled its lawsuit in the proper court on May 16, 1980, which date was well within the statutory time period. *See* TEX.R. CIV.P. 442. *See also Buckner Orphans Home v. Berry,* 332 S.W.2d 771, 775 (Tex. Civ.App.—Dallas 1960, writ ref'd n.r.e.) (court of appeals can take judicial notice of its own records in a prior appeal of the same case). Appellant's third point of error is overruled.

Appellant complains in his fifth and sixth points of error that there was no evidence, or alternatively, insufficient evidence, that appellant or its agents knew or should have known, or were aware or should have been aware of the existence of the contents of the car. Parking lot proprietors are liable for two catagories of car contents: (1) the usual, ordinary equipment of a car, such as articles in a trunk, which are reasonably anticipated to be there; and (2) property which is in plain view. *Ampco Auto Parks, Inc. v. Williams,* 517 S.W.2d 401 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.). These questions, however, are for the trier of fact. *See Ampco,* 517 S.W.2d at 405. The jury was instructed to award damages only for items which fell into one of the above-detailed catagories, and each of their awards was supported by the evi-

dence. Appellant's fifth and sixth points of error are overruled.

In his final point of error, appellant contends there was no evidence that the repairs to appellee's car were reasonable or necessary. *See Jalco, Inc. v. Tool Traders, Inc.*, 535 S.W.2d 898, 902 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). Appellee testified, without objection by appellant, that the cheapest estimate he received for repairs was $621.50, plus $25.00 for clean-up expenses. Although this testimony was hearsay, the court submitted a special issue concerning damages and the jury awarded the amount to which appellee testified. This case was tried in August, 1984, well after the September, 1983, effective date of Rule 802 of the Texas Rules of Evidence. That rule specifically provides that inadmissible hearsay, admitted without objection, shall not be denied probative value merely because it is hearsay. We believe that appellee's unobjected to hearsay testimony is some evidence of both the reasonableness and necessity of the repairs. Appellant's seventh point of error is overruled.

The judgment is affirmed.