**JACK BOLES SERVICES, INC., Appellant,**

v.

**Gerald STAVELY and Commonwealth Lloyds Insurance Company, Appellees.**

No. 03–94–00409–CV.

Court of Appeals of Texas, Austin.

Aug. 30, 1995.

Rehearing Overruled Oct. 11, 1995.

---

William O. Holston, Jr., Sullivan, Ave & Holston, Dallas, for appellant.

Roy J. Henderson, Law Offices of Roy J. Henderson, Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

ABOUSSIE, Justice.

Appellant Jack Boles Services, Inc. ("Jack Boles") appeals from a trial court judgment rendered in favor of Gerald Stavely and Commonwealth Lloyds Insurance Company ("Commonwealth"). At issue is the extent to which a parking lot attendant is responsible for undisclosed articles left in the trunk of a car placed in his or her care. We will reverse the trial court's judgment and render judgment that appellees take nothing.

## BACKGROUND

Sometime before January 15, 1988, Stavely entrusted a painting he owned to the care of his interior decorator, Patricia Bolger. The painting had a fair market value of $2,391.17. Mrs. Bolger placed the painting in the trunk of her husband's car, a Cadillac El Dorado.

On January 15, 1988, Mr. Bolger drove his car, which still contained the painting in the trunk, to Lakewood Country Club in Dallas. John Wilker, a valet parking attendant for Jack Boles, parked Mr. Bolger's car in the country club parking lot. After parking the car, Wilker removed the car keys from the ignition and placed them on the floor under the driver's seat—the normal parking procedure for Jack Boles's employees. Neither Wilker nor the other parking lot attendant knew that the trunk of Mr. Bolger's car contained valuable artwork. An unknown thief stole the car later that evening. Mr. Bolger's car was eventually returned to him, but the painting has never been recovered.

Stavely sued Jack Boles for the negligent loss of a valuable painting based on the law of bailments and respondeat superior. Commonwealth paid Stavely for the loss of his painting, thereby becoming subrogated to Stavely's cause of action. Following a bench trial, the trial court held that Commonwealth, as Stavely's subrogee, recover $2,391.17 in damages from Jack Boles. Jack Boles appeals by ten points of error and nine supplemental points of error.[1]

## DISCUSSION

Jack Boles bases its appeal on its assertion that it had no notice the trunk of the bailed vehicle contained a valuable painting. Jack Boles's points of error generally complain that Stavely cannot establish the duty, breach of duty, and proximate cause elements of his cause of action for the negligent loss of a painting.[2]

Jack Boles initially argues in its second, third, and fourth points of error and in its fourth supplemental point of error[3] finding that it had a duty to exercise ordinary care of the trunk's contents. Although listed as a "finding of fact," the trial court's decision about Jack Boles's duty of care in regard to the trunk contents is a question of law. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). We thus review that "finding of fact" as we would a conclusion of law: de novo as a legal question. *Kirkwood v. City of Corsicana*, 871 S.W.2d 544, 546 (Tex.App.—Waco 1994, no writ). We will not reverse a conclusion of law unless it is erroneous as a matter of law. *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, no writ). Even an incorrect conclusion of law will not require a reversal if the controlling findings of fact support a correct legal theory. *Id.*

---

1. Jack Boles's first point of error complains that the trial court erred in failing to file findings of fact and conclusions of law. However, after Jack Boles filed its appellate brief, the trial court filed findings of fact and conclusions of law, effectively mooting Jack Boles's first point of error. This Court permitted Jack Boles to file a supplemental brief to address the trial court's conclusions of law.

2. The common law doctrine of negligence consists of three elements: (1) a legal duty owed by one to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990).

3. Jack Boles's fourth supplemental point of error specifically complains about the trial court's

that it cannot be held negligent because it had no duty to exercise ordinary care over the painting. Duty is the threshold inquiry in a negligence cause of action. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). The existence of a duty is a question of law for the court to determine from the facts surrounding the incident in question. *Id.* A duty of ordinary care normally arises out of a bailor-bailee relationship. *Ampco Auto Parks, Inc. v. Williams*, 517 S.W.2d 401, 403 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.). However, Jack Boles argues that because its employees had no notice the painting was in the parked car and because valuable artwork does not constitute the foreseeable contents of a bailed automobile, no bailor-bailee relationship out of which a duty of care arose existed with regard to the painting. We must ascertain when a bailor-bailee relationship created by a bailed automobile extends to the contents of that automobile.

■ For a bailor-bailee relationship to exist, there must generally be (1) a contract, either express or implied, (2) delivery of property to the bailee, and (3) acceptance of the property by the bailee. *Nelson v. Schanzer*, 788 S.W.2d 81, 87 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Berlow v. Sheraton Dallas Corp.*, 629 S.W.2d 818, 821 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Jack Boles argues Bolger delivered to its employees only an automobile, not a painting. We disagree. When Bolger gave his car keys to Jack Boles's employee, he delivered both the car and its contents. *Cf. Shamrock Hilton Hotel v. Caranas*, 488 S.W.2d 151, 153, 155 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.) (noting delivery of bailed purse and its undisclosed contents occurred even through delivery was unintentional). Jack Boles's duty in regard to the trunk contents turns not on delivery but on acceptance.[4] "[D]uty and liability ordinarily cannot be thrust upon a bailee without [its] knowledge or consent, but must be voluntarily assumed." *Ampco Auto Parks*, 517 S.W.2d at 404. Our inquiry thus focuses on

whether notice of the contents of a bailed item is required before those contents can also be considered a bailee's responsibility.

■ The general rule in other jurisdictions is that a bailee is liable for lost property of which it has actual knowledge as well as property it could reasonably expect to find contained inside a bailed item of which it has express knowledge. *Shamrock Hilton*, 488 S.W.2d at 155 (citing John R. Feather, Recent Decisions, 10 Baylor L.Rev. 216 (1958)). In Texas, similarly, a bailee is liable for the contents of a bailed vehicle if the contents were (1) in plain view when the vehicle was bailed or (2) constitute the usual, ordinary equipment of a car, such as articles contained in a trunk, which are reasonably anticipated to be there. *Allright, Inc. v. Guy*, 696 S.W.2d 603, 605 (Tex.App.—Houston [14th Dist.] 1985, no writ); *see also Ampco Auto Parks*, 517 S.W.2d at 405 (interpreting car equipment reasonably anticipated to be in trunk as spare tires and jacks). It is undisputed that the painting was not in plain view of Jack Boles's parking attendant. The parties' arguments focus on what a bailee must anticipate to be in the trunk of a bailed vehicle in order to implicitly accept the contained items. No one suggests that a bailee is an insurer and responsible for every undisclosed piece of property contained in the trunk of a bailed vehicle.

Citing *Ampco Auto Parks*, Jack Boles argues that a bailee can be charged with notice of only the particular *contents* reasonably expected to be contained within the trunk of a bailed vehicle. The plaintiff in *Ampco Auto Parks* sought recovery for a pre-Columbian artifact and other items valued at more than $4000, which were in the trunk of his rental car stolen from a commercial parking lot operated by the defendant in Dallas. 517 S.W.2d at 402. The question presented was whether the undisclosed articles contained in the locked trunk of the car were the subject of the bailment consented to by the bailee. *Id.* at 404. The court noted that the bailee had neither express knowledge of the items in the trunk nor notice that the trunk

---

**4.** Upon Jack Boles's acceptance of items delivered to be bailed and its taking possession of those items, an express or implied contract to

bail the items would be established. *See Berlow*, 629 S.W.2d at 821.

might contain property having a value in excess of $4000, including antique jewelry and objects of art. *Id.* at 405. The court determined that the bailee could reasonably anticipate that a spare tire and jack would be located in the trunk, but that it would be difficult to charge the bailee with notice that the trunk contained such valuable and extraneous objects as were found. *Id.* The court distinguished the case from *Shamrock Hilton,* in which the court held that the actual contents of the bailed item, a purse, could have been anticipated by the bailee. *Id.*

In response to Jack Boles's argument, Stavely argues that a complainant need only prove the foreseeability of the bailed vehicle to contain valuable articles in general, citing *Berlow* and *Shamrock Hilton.* In *Berlow,* a hotel lost a package bailed with it. 629 S.W.2d at 819. Even though the hotel had no notice of the items inside the package, the jury found that it should have foreseen the package contained property of substantial dollar value and that it was thus liable for its negligent loss of the contents of the package, which turned out to be jewelry. *Id.* at 820. On appeal, the hotel argued that the jury question improperly focused on the foreseeability of the package containing property of substantial value rather than the foreseeability of the package containing valuable jewelry. *Id.* at 822. Citing *Ampco Auto Parks,* the court held that a jury question regarding a bailee's notice of the contents of a bailed item may be properly based on the foreseeability of value of the bailed contents rather than the foreseeability of the exact contents of the bailed item. *Id.*[5]

In *Shamrock Hilton,* the bailee hotel lost a guest's purse. 488 S.W.2d at 153. The purse contained jewelry worth over $13,000. *Id.* The hotel argued that since it had no notice that the purse contained such valuable jewelry, the bailment should exist only as to the purse and petty cash and credit cards usually found within a purse. *Id.* at 155. The court disagreed, stating that in the absence of express notice of the contents of a bailed item, a foreseeability test tailored to

the surrounding circumstances of the bailed item could be applied to determine the bailee's liability for undisclosed property contained within the bailed item. *See id.* Taking into consideration that the purse was bailed in a restaurant in the well-known Houston Shamrock Hilton hotel, where guests often brought expensive jewelry with them, the court could not say that there was no evidence upon which a jury could reasonably find that it was foreseeable that valuable jewelry was contained in the purse. *Id.* The court consequently deemed a finding in support of the trial court judgment that it was reasonable to expect to find valuable jewelry in a purse under the circumstances of the case and deemed that the hotel's bailment should be not only for the purse but also for the foreseeable contents of the purse. *Id.* at 155–56.

■■■■■ Combining the "reasonably anticipated" language of *Guy,* as applied in *Ampco Auto Parks,* with the "surrounding circumstances" language of *Shamrock,* we conclude that a bailee accepts responsibility for unknown contents of a bailed automobile when the presence of those contents is reasonably foreseeable based on the factual circumstances surrounding the bailment of the automobile. *See Guy,* 696 S.W.2d at 605 (stating parking lot proprietor liable for usual car equipment reasonably anticipated to be in car, including trunk); *Shamrock Hilton,* 488 S.W.2d at 155–56 (discussing importance of surrounding circumstances to foreseeability of items contained in bailed property). The foreseeability of the value of the contained items does not bear on the bailee's notice and acceptance of those items. We thus distinguish *Berlow.*

In *Berlow,* the contents of the bailed package, rather than the package itself, technically constituted the bailed item; the contents of the package, not the outer packaging, required safekeeping. The package thus differs from a car, which, when bailed, requires safekeeping, regardless of its contents. Moreover, in *Berlow,* the bailed package,

---

5. The passage of *Ampco Auto Parks* referred to in *Berlow* discusses the jury question upon which *Berlow* bases its proposition. *See Ampco Auto Parks,* 517 S.W.2d at 405. That question did not refer to the foreseeability of the car's trunk containing valuable articles but to the foreseeability of the car's trunk containing valuable articles *of clothing. Id.* at 403.

aside from the stamp "insured," provided little indication about its specific contents. *See* 629 S.W.2d at 822. The package thus differs in another respect from a car, in which it is reasonably foreseeable that the car's trunk contains items like a spare tire and jack. *See Ampco Auto Parks,* 517 S.W.2d at 405. Furthermore, the surrounding circumstances of the bailed package in *Berlow*—that the hotel provided a safe in which guests often stored valuables—offer no guidelines regarding the infinite number of valuable items that could be contained within the bailed package. The package thus differs from a purse bailed in the restaurant of an expensive hotel, in which it is foreseeable that valuable jewelry could be contained. *See Shamrock Hilton,* 488 S.W.2d at 155–56. We agree that when surrounding circumstances shed no light on the possible contents of a bailed package, and when it is apparent to the bailee that the bailment includes both the contents of the bailed package as well as the package itself, a value foreseeability test based on surrounding circumstances may properly indicate a bailee's notice and acceptance of both the package and its contents as bailed items.

The test differs, however, when an automobile is the subject of bailment. Then, Texas case law indicates the foreseeability of the actual contents of the car, based on surrounding circumstances of the bailment, controls the bailee's notice and resulting acceptance of those items as the subjects of bailment. *See Guy,* 696 S.W.2d at 605; *Shamrock Hilton,* 488 S.W.2d at 155–56. Taking the surrounding circumstances of the instant cause into consideration—the parking of an expensive car at a Dallas country club—we can reasonably anticipate that the car's trunk might contain valuable articles such as golf clubs, tennis rackets, and sportswear. It cannot be said, however, that a country club parking attendant should reasonably foresee the presence of valuable artwork in each member's car trunk. As such, Jack Boles cannot be charged with notice of a valuable painting contained within the trunk of the bailed Cadillac. It did not expressly or implicitly accept Stavely's painting as a bailed piece of property. Without acceptance, no bailor-bailee relationship existed

in regard to the painting, and accordingly, Jack Boles had no duty of care in regard to the painting. *See Ampco Auto Parks,* 517 S.W.2d at 403. We sustain Jack Boles's second, third, and fourth points of error and its fourth supplemental point of error. In light of our disposition, we need not reach Jack Boles's remaining points of error.

## CONCLUSION

The bailee of a vehicle has a duty of care over undisclosed items in plain view and items reasonably anticipated to be found in the car based on the surrounding circumstances. Stavely's painting was neither in plain view nor an item reasonably foreseeable to be contained in the trunk of a Cadillac parked at a Dallas country club. As such, Jack Boles owed no duty of care to Stavely as to the painting. Without a duty of care, Jack Boles cannot be held negligent for the loss of the painting. Accordingly, we reverse the judgment of the trial court and render judgment that appellees take nothing.