**CENTRAL TRAILER SALES, INC., Appellant,**

v.

**James K. GAY, Appellee.**

No. 4853.

Court of Civil Appeals of Texas, Eastland.

Feb. 5, 1976.

Fred J. Feigl, Allen & Feigl, Inc., Richardson, for appellant.

R. Lewis Nicholson, Dallas, for appellee.

WALTER, Justice.

In this bailor-bailee controversy, James K. Gay recovered a judgment in a non-jury trial against Central Trailer Sales, Inc. and the defendant has appealed.

Central Trailer sold Gay a trailer which was returned for warranty repair work. Defendant contends it completed the repair work and Gay refused to remove the trailer from its premises before it was stolen. Gay alleged the theft was occasioned by the negligence of the defendant in failing to store the trailer, failure to fence the premises, failure to have a night watchman, and failure to chain the trailer to prevent the theft and loss of his trailer, each of which was alleged to be a proximate cause of Gay's damages.

Defendant contends the court erred in rendering judgment for Gay because there

was no evidence of negligence and the evidence is factually insufficient to support a finding that a bailment for the mutual benefit of the parties existed at the time the trailer was stolen. It also contends Gay was guilty of contributory negligence that was a proximate cause of his damages as a matter of law.

No findings of fact or conclusions of law were requested or filed.

In *City of Abilene v. Meek*, 311 S.W.2d 654 (Tex.Civ.App.—Eastland 1958, writ ref'd.), the court said:

"It is elementary that when the appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law."

In *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974), the court said:

"When a party asserts that there is no evidence to support jury findings, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings."

In *Trammell v. Whitlock*, 150 Tex. 500, 242 S.W.2d 157 (1951), the court said:

"The defendant-petitioner is correct in his contention that the burden of proof on the whole case, including the issue of negligence, is on the respondent bailor, but as stated in Wigmore on Evidence, 3rd Ed., § 2508, 'Where goods have been committed to a bailee, and have either been lost or been returned in a damaged condition, and the bailee's liability depends upon his negligence, the fact of negligence may be presumed, placing on the bailee at least the duty of producing evidence of some other cause of loss or injury.' Without prejudice to the burden of proof being at all times on the bailor, the bailor under this latter rule makes a prima facie or presumptive case of negligence by proving the bailment and either the return of the goods by the bailee in a damaged condition, not existing at the time of their delivery to him, or a failure by him to return them at all. The rule is said to be based on the just and common sense view that the party in possession or control of an article is more likely to know and more properly charged with explaining the damage to it or disappearance of it than the bailor who entrusted it to his care. It is evidently supported by the weight of authority in the United States, including our own state."

In *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975), the court said:

"*Trammell* follows the majority trend of requiring an exculpatory explanation from a defaulting bailee in order for him to rebut the presumption of his own negligence. A mere showing by the bailee of lack of knowledge how the loss occurred is not sufficient. The general rule is that in order to rebut the presumption of his negligence, the defaulting bailee must show how the loss occurred and that it was due to some other cause than his own neglect or negligence or that, however the loss occurred, it was not due to his negligence. It has been suggested, and we agree, that this presumption against bailees for hire is justified not only because of a bailor's often insurmountable burden of proving a bailee's negligence, but because it tends to promote more caution in the handling and keeping of chattels entrusted to the care of bailees on parking lots, in warehouses, laundries, and other business establishments. 'Presumptions and the Burden of Proving a Bailee's Negligence . . .' 31 Tex.L. Rev. 46, 51–52 (1952); 52 Tex.L.Rev. 1329, 1362 (1974)."

William Pearson, president of Central Trailer Sales, sold the trailer to Mr. Gay. He returned the trailer for repairs which were covered by the manufacturer's warranty. Pearson testified the company paid

him for making repairs under the warranty. Gay was informed the repairs were covered by the warranty. The location where Gay's trailer was delivered was not surrounded by a fence and there were no gates across the driveway. The parties agree the trailer was stolen.

The evidence, when viewed by the above rules, does not warrant the reviewing court to disturb the implied findings of the trial court necessary to support the judgment.

We have considered the entire record and hold the finding that the bailment was for the mutual benefit of the parties is not factually insufficient.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.