**John R. WILSON, Appellant,**

v.

**Alton HOOSER d/b/a Alton Hooser Auto Sales, Appellee.**

**No. 5933.**

Court of Civil Appeals of Texas, Waco.

Nov. 2, 1978.

Rehearing Denied Nov. 30, 1978.

Frank Beard, Beard & Kultgen, Waco, for appellant.

Dick Clark, Clark & Clark, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Wilson (bailor) from judgment he take nothing in his suit for damages against defendant Hooser (bailee) for loss of bailed property.

Plaintiff sued defendant alleging the parties agreed defendant would secure a 1977 Ford pickup truck for plaintiff, and plaintiff would purchase same; that as part of the agreement defendant would sell plaintiff's 1972 Ford pickup truck at no additional charge to plaintiff; that plaintiff received and paid for the 1977 pickup, and delivered the 1972 pickup to defendant;

that the 1972 pickup was placed on defendant's automobile lot where it was offered for sale; that on the night of June 20 or morning of June 21, 1977 it was stolen; that defendant had delivered the key to parties unknown to plaintiff who thereafter returned a key to defendant; that defendant found the key did not operate the lock on the pickup; that defendant thereafter closed his business leaving the pickup unlocked and unprotected; that during the night the pickup was stolen; that defendant as bailee of the pickup had the duty to return it or its value to plaintiff; that defendant was negligent in safeguarding the pickup in a number of particulars which proximately caused loss of the pickup and damage to plaintiff. Plaintiff sought judgment for $2050. the alleged value of the pickup.

Defendant answered that the bailment of the 1972 pickup was wholly gratuitous and for the sole benefit of plaintiff; and that he committed no negligence causing the loss of the pickup.

Trial was to a jury which found:

1) Defendant's possession of plaintiff's pickup was for the sole benefit of plaintiff.

2) Defendant was not negligent.[1]

The trial court rendered judgment on the verdict that plaintiff take nothing.[2]

Plaintiff appeals on 11 points which we summarize as 2 main contentions.

1) The trial court erred in rendering judgment plaintiff take nothing because a bailment for the mutual benefit of the parties was established as a matter of law.

2) The trial court erred in rendering judgment plaintiff take nothing because the jury verdict that defendant was not negligent was against the overwhelming weight and preponderance of the evidence.

Contention 1 asserts a bailment for mutual benefit was established as a matter of law.

Defendant testified he is self employed in the used car business, and additionally orders new cars for customers through dealers at $100. above invoice; that plaintiff wanted a new Ford pickup; plaintiff owned a 1972 Ford pickup; that he offered to order a new 1977 pickup for plaintiff from Pippin Ford Sales at Mart for $100. and that the dealer would receive $100. over invoice; that at the time the new pickup deal was discussed he told plaintiff "if he didn't sell [the 1972 pickup] bring it down and I'd help him sell it". Plaintiff bought the 1977 pickup through defendant, paid for it, received delivery, and brought the 1972 pickup to defendant's lot; that he didn't state he would charge plaintiff anything for selling the pickup; that he did not intend to charge him anything, but that he thought if he should sell it for around $2,000. "if plaintiff insisted upon paying me a little bit for my trouble I'd take the money".

Plaintiff testified he wanted a new 1977 Ford pickup, that he talked with defendant about it, who told him he could get him a 1977 Ford pickup for cost plus $100. for defendant plus $100. to the dealer. "And along with that was our discussion about [defendant's] selling my pickup for me". Defendant told plaintiff his 1972 pickup was worth "roughly $2000."; that if he, defendant, sold my pickup it would cost me in totality about $3000.; that was the reason plaintiff "went for the deal"; that he placed his order for the 1977 pickup; when notified it was ready went to Mart, paid $5959.37 for it and brought it home; and thereafter delivered the 1972 pickup to defendant at his car lot; gave defendant a key to the 1972 pickup; that the deal was that defendant would sell the 1972 pickup for him; that he did not feel obligated to pay defendant anything for selling it if he had sold it.

■ The rule is that a bailment is for the mutual benefit of the bailor and bailee,

---

1. Issues inquiring if such negligence was a proximate cause of the loss of the pickup, and the value of the pickup were submitted conditioned on a finding defendant was negligent and were accordingly not answered.

2. The judgment further by agreement of the parties decreed defendant recover $47.36 from plaintiff, which is not appealed from.

although nothing is paid directly by the bailor, where the property of the bailor is delivered by the bailor, and accepted by the bailee, as an incident of a business in which the bailee makes a profit. In such situation the bailee receives his compensation in the profits of the business in which the bailment is an incident. *Bill Bell, Inc. v. Ramsey,* CCA (Waco) NWH, 284 S.W.2d 244; *Citizens National Bank v. Ratcliff & Lanier,* Com.Appls. (judgment adopted S.Ct.) 253 S.W. 253.

■ We think the bailment of the 1972 pickup was a bailment for mutual benefit as a matter of law.

Contention 2 asserts the jury's finding that defendant was not negligent was against the great weight and preponderance of the evidence.

The 1972 pickup truck was delivered to defendant's car lot and remained there until it was stolen on the night of June 20, 1977. Defendant testified that he had gone somewhere on June 20th and got back to the lot just before closing time; that his father who worked for him had all the cars locked up when he got there except plaintiff's pickup, that his father said; "I can't get this pickup locked"; that defendant told his father that "evidently the lock is froze up like it froze up on the ignition; bring the key in and I'll see if I can get the lock fixed tomorrow"; the key was brought to the office and locked up with the keys to the other cars; that the next morning the pickup was discovered missing and he called the police and reported the pickup stolen; that he has no security service that serves the car lot; and does not check the lot at night himself. That he had a shed with a lock on it with two stalls that he can lock and put a car in; that he had a car in one of the stalls and equipment in the other; that the pickup was not locked on the evening on which it was stolen; that he did not attempt to render the vehicle incapable of moving on its own power; and did not try to move the pickup to a new location.

Officer Griggs testified he responded to a call to defendant's car lot on June 21st; that he talked with defendant; that defendant told him that the day before two negro males came to the lot and "tried a pickup out; he let them have the key to the pickup and they drove off in the pickup and tried it out for a while; they then brought the pickup back * * *; they left in their car and when he returned the following morning this pickup was gone; * * * that one of the keys were not the keys that were on the ring that morning. So in other words he told me that they had evidently switched the keys and came back that night to pick up the pickup".

Plaintiff testified he gave defendant a key to the pickup when he delivered it to him; and kept a spare key; that defendant called plaintiff's wife the pickup was stolen; that she relayed the message to him; and he proceeded to defendant's car lot; that defendant gave him a key and said, "This is all that's left of your pickup"; that he compared his spare key to the key handed him by defendant; saw they were different; that defendant then said the key he delivered to him "was stolen".

■ In a bailment for mutual benefit, a rebuttable presumption of negligence and a prima facie case of liability is established by a bailor against a bailee upon proof that the bailed chattel was not returned; but when the bailee rebuts the presumption of negligence by some evidence, the burden of proof on the case including the issue of negligence remains with the bailor. *Trammell v. Whitlock,*[3] S.Ct., 242 S.W.2d 157; *Buchanan v. Byrd,* S.Ct., 519 S.W.2d 841.

Here plaintiff proved that he delivered the 1972 pickup to defendant; that it was not returned or sold, but that it was stolen. Plaintiff alleged defendant negligent and the evidence reflects defendant left the pickup on the lot unlocked; that he had no security service that serves the lot; that he

---

3. " 'The presumption on which the bailor may rely is a mere rule for the conduct of the trial. It puts upon the bailee the risk of a directed verdict if he does not meet it, but it does no more; once he has done so, it disappears from the case. Thus, it can never concern the jury' ". See *D & D Associates v. Sierra Plastics,* CCA (Waco) NWH, 570 S.W.2d 205.

does not check the lot at night himself; that defendant did not put the pickup in one of his lock sheds, move it to another location, or attempt to render the vehicle incapable of moving on its own power.

 We think the jury's finding that defendant was not negligent is against the great weight and preponderance of the evidence. *In re Kings Estate*, S.Ct., 244 S.W.2d 660.

Contentions 1 and 2 are sustained.

The judgment that plaintiff take nothing is reversed and the cause remanded. That part of the judgment decreeing defendant recovery of $47.36 against plaintiff is affirmed.

REVERSED & REMANDED IN PART; AFFIRMED IN PART.