**SANROC COMPANY INTERNATIONAL,**
Appellant,

v.

**ROADRUNNER TRANSPORTATION,**
**INC., Appellee.**

No. 17607.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 13, 1980.

Brian E. Bro & Associates, Brian E. Bro, Houston, for appellant.

Thomas J. Hannsz, Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

Sanroc Company International (Sanroc) brought this suit for damages growing out of the breach of a bailment contract whereby Roadrunner Transportation, Inc. (Roadrunner) impliedly agreed to store one certain Aztec forty-foot white trailer. Trial was to the court without a jury and resulted in a judgment for the defendant.

Robert Magaletta, the owner of Sanroc, testified that he requested Reo Export Company (Reo) to pick up the forty-foot white trailer at a City Dock Gate in Houston and to arrange for its storage.

Boyce Fuller, president of Roadrunner, testified that an employee of his company picked up a trailer from Reo Export Company. A bill of lading issued by Roadrunner and introduced into evidence reflects that Reo was both the consignor and the consignee of a forty-foot white trailer.

About three or four months after delivery of the trailer to Roadrunner, Magaletta telephoned Fuller to ask if the trailer was there. Fuller told Magaletta that a trailer was there, and Magaletta replied that he owned it. He further testified that he would send a truck to pick it up and would pay any charges at that time. Magaletta also testified that he saw the trailer parked on the Roadrunner yard. He called Fuller a second time about eleven months after the trailer was first picked up by Roadrunner and told Fuller he would make arrangements to pick up the trailer soon.

Magaletta testified that in December of 1977, he went to the Roadrunner yard to

check on the trailer and was told by Fuller that the trailer had been missing for five months. The trailer was subsequently recovered by the police in a damaged condition and was sold by Sanroc at a loss.

The trial court made findings of fact that there was no showing of any contractual relationship between Sanroc and Roadrunner and that there was no showing that the Aztec forty-foot oil field float trailer, serial no. 1729, made the subject of plaintiff's lawsuit was one and the same trailer as that described in defendant's bill of lading as one forty-foot trailer-white.

■ In order to constitute a bailment transaction there must be a contract, express or implied, delivery of the property to the bailee, and acceptance of the property by that bailee. *Allright v. Elledge*, 508 S.W.2d 864, 866 (Tex.Civ.App.—Houston [1st Dist.], certified questions answered), 515 S.W.2d 266 (Tex.1974), judgmt modified, 513 S.W.2d 875 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

There was testimony that Reo was acting for Sanroc in arranging with Roadrunner to pick up the trailer. Fuller testified that Reo told him to pick up the trailer and put it in his yard and that Mr. Boykins (of Reo) was at the dock and designated the trailer to be picked up. Fuller further testified that a forty-foot white trailer was delivered to Roadrunner by Reo on November 20, 1976. Mr. Fuller was asked whether or not he had any doubt that the forty-foot trailer stored at his lot was the same trailer that Sanroc claimed to have stored with Roadrunner. He answered:

"Well, I am sure it is but I don't have any proof that it was. Like I say I don't know what the name brand on the trailer was. I don't know what the serial number was. I don't know anything about it. It was a white trailer."

Then in answer to a question "but you have no reason to believe" Fuller testified:

"No, Mr. Boykins was down at the dock and showed my driver what trailer to pick up. He followed him out there and paid for it."

Sanroc has brought suit alleging that it, through an agent Reo, placed in bailment with Roadrunner an Aztec white forty-foot trailer. Roadrunner admits that at the time alleged it accepted for safe keeping from Reo a white forty-foot trailer. There are no circumstances in evidence which would tend to impeach the testimony of Mr. Magaletta or Mr. Fuller. There is nothing in the testimony to indicate that Reo was not acting as an agent for Sanroc. The findings of fact are contrary to the great weight and overwhelming preponderance of the evidence.

■ The foundation of a bailment lies in contract. The agreement of the parties may be expressed, implied, or quasi and constructive, and is governed by the rules which apply to other contracts. *Adair v. Roberts*, 276 S.W.2d 565 (Tex.Civ.App.—Texarkana 1955, no writ). An agent may make a contract for his undisclosed principal and that principal may sue on the contract. *First National Bank of Wichita Falls v. Fite*, 131 Tex. 523, 115 S.W.2d 1105 (1938).

■ A contract of bailment may arise by implication of law if through the proof of sufficient circumstances the implied relationship of bailor and bailee is shown to rest upon a substantive foundation. Acceptance of the property and of the responsibilities accompanying the relationship may be proved directly or by circumstances. *Farmers Gin Co. v. Texas Electric Railway Co.*, 232 S.W.2d 890 (Tex.Civ.App.—Waco 1950, writ ref'd n.r.e.); *Shamrock Hilton Hotel v. Caranas*, 488 S.W.2d 151 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

■ Where there is a bailment for mutual benefit, a rebuttable presumption of negligence on the part of the bailee arises and the prima facie case of liability is established by a bailor against a bailee upon proof that the bailed chattel was not returned. *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975); *Trammell v. Whitlock*, 150 Tex. 500, 242 S.W.2d 157 (1951). This presumption may no longer be overcome by the bailee by proving loss by fire or theft. An

explanation by the bailee that he does not know how the chattel came to be damaged or lost will not overcome the presumption. *Classified Parking Systems v. Dansereau,* 535 S.W.2d 14 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ); *Jalco, Inc. v. Tool Traders, Inc.,* 535 S.W.2d 898 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ).

■ Roadrunner attempts to bring this case within the rule that if a bailment is for the sole benefit of the bailor, the law requires only slight diligence of the bailee, and holds him answerable only for gross negligence. *Greater Southwest International Airways, Inc. v. Arlington Executive Air, Inc.,* 432 S.W.2d 740 (Tex.Civ.App.— Fort Worth 1968, no writ). Mr. Fuller testified that he did not intend to make a charge for storage. He testified that Roadrunner was paid by Reo for transporting the trailer from the City Dock Gate to the Roadrunner yard. The Roadrunner bill of lading includes the statement on its letterhead that Roadrunner is "specialized in heavy equipment hauling." When the property of the bailor is delivered to the bailee as an incident of a business in which the bailee makes a profit, the bailee receives his compensation in the profits of the business in which the bailment is an incident. *Wilson v. Hooser,* 573 S.W.2d 601 (Tex.Civ.App.—Waco 1978, writ ref'd n.r. e.).

The bill of lading admitted into evidence proves that Roadrunner agreed to transport a forty-foot white trailer from the City Dock Gate No. 18 to Reo Export Company, 3622 Pinemont, Houston, Texas. Until the trailer was delivered to Reo or the failure to do so justified, the trailer was in the possession of Roadrunner under a contract of bailment as a matter of law.

■ Finally in a motion for new trial filed after a default judgment had been entered in this cause, Roadrunner judicially admitted that it was making a charge for the storage of Sanroc's trailer. Roadrunner set up this counterclaim as a defense to Sanroc's cause of action. The motion for new trial was granted, presumably as a result of the court's consideration of this statement. Judicial admissions are not evidence but rather constitute a waiver of evidence. McCormick and Ray, Texas Law of Evidence (2d ed.) § 1144. *Kirk v. Head,* 137 Tex. 44, 152 S.W.2d 726 (1941).

The record establishes that Sanroc through its agent Reo entered into an agreement with Roadrunner establishing a bailment for the mutual benefit of the parties.

The judgment is reversed and the cause is remanded.