LUFKIN INDUSTRIES, INC., Appellant,

v.

MISSION CHEVROLET, INC., Appellee.

No. 6190.

Court of Civil Appeals of Texas, Waco.

March 19, 1981.

Rehearing Denied May 7, 1981.

**597**

Paul E. White, Zeleskey, Cornelius, Rogers, Hallmark & Hicks, Lufkin, for appellant.

Gary L. Fuller, Brock, Bingham & Person, San Antonio, for appellee.

## OPINION

JAMES, Justice.

This is a venue case involving bailment of a truck. Plaintiff-Appellee Mission Chevrolet, Inc., the bailor herein, sued Defendant-Appellant Lufkin Industries, Inc., the bailee, in Bexar County alleging negligence on the part of the bailee Lufkin because of the bailee's failure to return the truck to bailor Mission after certain agreed repairs were supposed to have been made by bailee.

Bailee Lufkin filed a plea of privilege requesting that the case be transferred to the county of its residence, to wit, Angelina County. Subject to the plea of privilege, the bailee alleged that the truck had been stolen from the bailee's premises (located in San Antonio, Bexar County) in spite of the exercise of ordinary care on the part of bailee.

Bailor Mission Chevrolet, Inc. controverted the plea of privilege under subdivision 23 of Article 1995, Vernon's Texas Civil Statutes, on the theory that this was a suit against Defendant-bailee Lufkin, a private corporation, and that a part of Plaintiff-bailor Mission's cause of action arose in Bexar County.

At the venue hearing, Plaintiff-bailor Mission offered evidence that (1) Defendant-bailee Lufkin was a private corporation; (2) that Plaintiff Mission delivered the truck to Defendant Lufkin in Bexar County for the purpose of Lufkin making certain agreed repairs on said truck; and (3) that Lufkin failed (in Bexar County) to return possession of the truck to Plaintiff Mission at a time when the repairs were supposed to have been completed. After Plaintiff Mission rested, the Defendant-bailee Lufkin presented evidence showing

that the truck was stolen from its (the bailee Lufkin's) premises and possession under circumstances calculated to show that Lufkin exercised ordinary care in safeguarding the truck from theft. In other words, the Defendant's evidence tended to show that it was free of negligence.

After the venue hearing, the trial court overruled the Defendant-bailee Lufkin's plea of privilege, from which judgment Lufkin appeals. We affirm.

Defendant-Appellant Lufkin asserts error of the trial court's overruling of the plea of privilege because (it says) (1) any presumption of negligence on Appellant's part as bailee was as a matter of law rebutted by positive contrary evidence in favor of Appellant-bailee; and (2) the evidence is legally and factually insufficient to support an implied finding of negligence on the Appellant-bailee's part. We overrule Appellant's points and contentions and affirm the trial court's judgment.

Our Supreme Court in *Trammell v. Whitlock* (1951) 150 Tex. 500, 242 S.W.2d 157 had this to say:

"The defendant-petitioner is correct in his contention that the burden of proof on the whole case, including the issue of negligence, is on the respondent bailor, but as stated in Wigmore on Evidence, 3rd Ed., Section 2508, 'Where goods have been committed to a bailee, and have either been lost or been returned in a damaged condition, and the bailee's liability depends upon his negligence, the fact of negligence may be presumed, placing on the bailee at least the duty of producing evidence of some other cause of loss or injury.' Without prejudice to the burden of proof being at all times on the bailor, the bailor under this latter rule makes a prima facie or presumptive case of negligence by proving the bailment and either the return of the goods by the bailee in a damaged condition, not existing at the time of their delivery to him, or a failure by him to return them at all. The rule is said to be based on the just and common sense view that the party in possession or control of an article is more likely to know and more properly charged with explaining the damage to it or disappearance of it than the bailor who entrusted it to his care. It is evidently supported by the weight of authority in the United States, including our own state." In *Trammell*, the court goes on to show that the Texas cases have established an exception in cases wherein the bailed property was destroyed by fire while in the bailee's possession. That is to say, in such cases, the presumption of defendant-bailee's negligence has been held to disappear or cease to exist when there was evidence indicating the article to have been destroyed in a fire and there was no evidence other than the bare fact of a fire to suggest negligence on bailee's part. In *Trammell*, our Supreme Court makes it clear that this law concerning "fire" is an exception to the general rule hereinabove stated, by saying in reference to the "fire" cases: "These decisions may be regarded as law in this state insofar as the language of the opinions is limited to the facts involved." See *D & D Associates, Inc. v. Sierra Plastics, Inc.* (Waco Tex.Civ.App. 1978) 570 S.W.2d 205, no writ, a venue case involving a destruction of the bailed property by fire while in the possession of bailee.

In *Buchanan v. Byrd* (Tex.1975) 519 S.W.2d 841, our Supreme Court noted that where there is a bailment for mutual benefit, a rebuttable presumption of negligence arises and a prima facie case of liability is established by a bailor against a bailee upon proof that the bailed chattel was not returned. *Buchanan v. Byrd* involved a horse which was bailed to bailee, and while in bailee's possession said horse escaped and was killed by a train. Prior to *Buchanan v. Byrd*, several Texas cases held that mere proof of loss by *fire or theft* was sufficient to rebut the presumption of negligence notwithstanding the failure to prove causation or the exercise of due care on bailee's part. In *Buchanan v. Byrd*, however, the Supreme Court noted that such rule in Texas as applied in fire and theft cases is contrary to the weight and trend of modern authorities and should be "reexamined in an appropriate case instead of extending its application to other types of bailment losses."

Since *Buchanan v. Byrd*, courts in the following cases have taken the opportunity to reexamine this rule regarding bailed property which was stolen from bailee's possession, and have rejected the "theft" exception to the general rule: *Classified Parking Systems v. Dansereau* (Houston 14th Tex. Civ.App.1976) 535 S.W.2d 14, no writ; *Jalco, Inc. v. Tool Traders, Inc.* (Houston 1st Tex.Civ.App.1976) 535 S.W.2d 898, no writ; *Central Trailer Sales, Inc. v. Gay* (Eastland Tex.Civ.App.1976) 533 S.W.2d 476, no writ; *Allright, Inc. v. O'Neal* (Houston 14th Tex. Civ.App.1980) 596 S.W.2d 208, writ dismissed; *Sanroc Co. International v. Roadrunner Transportation, Inc.* (Houston 1st Tex.Civ.App.1980) 596 S.W.2d 320, no writ; also see *Putman v. Sanders* (Amarillo Tex. Civ.App.1976) 537 S.W.2d 308, no writ, wherein the bailed automobile was damaged in a collision.

■ The essence of the holdings in the above-cited cases, insofar as they apply to the case at bar, may be summarized as follows:

(1.) Where there is a bailment for mutual benefit (as in the case before us), a rebuttable presumption of negligence arises and a prima facie case of liability is established by a bailor against a bailee upon proof that the bailed chattel was not returned; where the bailee's liability depends upon his negligence, the fact of negligence is presumed, placing on the bailee the duty of producing evidence of some other cause of loss or injury apart from bailee's negligence.

(2.) The bailee cannot discharge his burden of rebutting the presumption of negligence by showing only the bare fact of loss by theft; the bailee must show his own lack of negligence before the presumption can be rebutted; he must show how the loss occurred and that it was due to some cause other than his own negligence.

(3.) Once the bailment is established, proof that the bailed truck was stolen while in the bailee's possession made a prima facie case of negligence against the bailee, and unless he (bailee) produced evidence which would free himself of negligence, the bailor is not required to proceed with addi-

tional evidence of the bailee's negligence. *Trammell v. Whitlock* (1951) 150 Tex. 500, 242 S.W.2d 157; *Buchanan v. Byrd* (Tex. 1975) 519 S.W.2d 841.

■ At the venue hearing, Plaintiff-bailor Mission presented evidence that on October 21, 1977, bailor delivered a 1976 Chevrolet truck to Defendant-bailee Lufkin's place of business in San Antonio, Bexar County, Texas, for the purpose of installing certain equipment on the truck used in conjunction with a hydraulic trailer; that on or about October 24, 1977, bailor's employee went to bailee's premises in San Antonio, tendered the repair charges and requested return of the truck; that Defendant-bailee declared that it was unable to produce the truck; that said truck has not been subsequently returned to bailor.

Defendant-bailee Lufkin presented evidence that when the truck was delivered to bailee, it was parked inside the Defendant's fenced yard; that the surrounding fence had barbed wire approximately six feet high with only one gate located at the front of the business premises; there were six floodlights which illuminated the yard area, gate, and the front area of the premises; the truck was parked next to the gate about 20 feet from the floodlights; at about 5 o'clock P.M. on Friday, October 21, 1977, Defendant locked the single gate with a ⅝ th inch chain and a heavy duty master lock; upon returning to work the following Monday, Defendant's employees discovered the front gate lock had been cut and the truck stolen; law enforcement authorities were contacted early that Monday morning; that Defendant had operated a business at such location since 1957, during which time no prior thefts of vehicles had ever occurred.

Defendant-Appellant admits that under the above evidence that Plaintiff-Appellee was entitled to a rebuttable presumption of negligence (on Defendant-Appellant's part); however, Defendant-Appellant contends the presumption of negligence was rebutted as a matter of law and thereupon that said presumption vanished, meaning that Plaintiff-Appellee has failed to meet its burden

of proof that Defendant-Appellant committed an act or omission of negligence in Bexar County which was a proximate cause of Plaintiff's damages. Defendant-Appellant further asserts there is no evidence and factually insufficient evidence of Defendant-Appellant's negligence.

Here, bailor Mission by its evidence established the facts of bailment and non-return of the truck; at that point bailor had established a presumption of negligence on bailee Lufkin's part. Then bailee Lufkin presented evidence tending to show that the theft of the truck was not due to any negligence on bailee's part. The question here is: Does bailee Lufkin's evidence *as a matter of law* rebut the presumption of negligence? We think not. Neither do we believe that the trial court's implied finding that bailee Lufkin was negligent is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *In Re King's Estate* (1951) 150 Tex. 662, 244 S.W.2d 660. In our opinion, the factual issues of negligence and proximate cause on bailee's part concerning the theft of the truck are matters which need to be resolved in a trial on the merits, not at a venue hearing. As we see it, these are defensive matters which have no part in a venue hearing.

As this court said in *Peters v. Parker* (Waco Tex.Civ.App.1979) 591 S.W.2d 327, writ dismissed, and in *Dealers National Insurance Co. v. Rose* (Waco Tex.Civ.App. 1965) 396 S.W.2d 535, no writ:

"The sole issue in the plea of privilege hearing is that of venue; not liability or the merits of the case. *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300, 1304; *Farmers Seed & Gin Co. v. Brooks*, 125 Tex. 234, 81 S.W.2d 675. The defense is not available on the hearing to defeat venue in the county of suit. Negativing the prima facie cause of action established by plaintiff does not negative the venue fact. It simply does not affect venue. (citations)."

In the case at bar, we believe and hold that these defensive matters based upon fact issues set up by bailee (which are calcu-lated to show that bailee was free of negligence concerning theft of the truck) do not affect venue, but must await trial on the merits.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.