NO. 07-01-0416-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 10, 2002
_____

WILMA JOHN, d/b/a JOHN CONCRETE CONTRACTOR,

Appellant

v.

J. ROBERT SEARCY, M.D., G. MICHAEL McDONALD, M.D.,
Individually, and CLEAR LAKE SURGICAL ASSOCIATES,

Appellee
_____

FROM THE 149TH JUDICIAL DISTRICT FOR BRAZORIA COUNTY;

NO. 2274*RM97; HON. ROBERT E. MAY, PRESIDING
_____

***MEMORANDUM OPINION***
_____

Before BOYD, C.J., QUINN and REAVIS, J.J.

Wilma John, d/b/a John Concrete Contractor (John), appeals from a final judgment entered in favor of Clear Lake Surgical Associates (Clear Lake). Through that judgment, the trial court awarded Clear Lake damages against John for breach of contract. The contract involved the paving of a parking lot and was signed by both John and G. Michael McDonald, M.D. The two issues on appeal concern the trial court's jurisdiction to award

the judgment. That is, John asserts that it had no such jurisdiction because Clear Lake lacked standing to sue (since McDonald did not designate that he signed the instrument as an agent or officer of Clear Lake) and the parties could not confer standing via a stipulation of the parties. We affirm the judgment.

The record contains a stipulation by the parties. Through that stipulation, the parties agreed that McDonald was acting "as authorized agent on behalf of" Clear Lake, a professional association, "in these matters." So too did they agree that "Clear Lake . . . is the Principal in its agreement with . . . John . . . ."

Next, authority holds that what a principal does through an agent it does itself. *Shaw v. Kennedy, Ltd.*, 879 S.W.2d 240, 245 (Tex. App.–Amarillo 1994, no writ). Thus, if the act in question involved the execution of a contract, logic and the foregoing authority would dictate that the principal not only has a right or interest in the accord but also has standing to enforce or protect that right or interest. And, this is true even if the principal is undisclosed. *See First Nat. Bank of Wichita Falls v. Fite*, 131 Tex. 523, 115 S.W.2d 1105, 1109-10 (Tex. Comm'n App. 1938, opinion adopted) (holding that an agent may make a contract for his undisclosed principal in his own name, and the principal may sue or be sued on the contract); *Sanroc Co. v. Roadrunner Transp., Inc.*, 596 S.W.2d 320, 322 (Tex. App.–Houston [1st Dist.] 1980, no writ) (holding the same). So, to the extent that everyone at bar agreed (through the stipulation) that McDonald acted as agent for Clear Lake when the contract was executed, the contract vested Clear Lake with contractual rights. Having such rights, Clear Lake was entitled to enforce them. And, the suit from which this appeal

arose was simply an attempt by Clear Lake to do so by seeking damages from John for breach of the accord.[1]

Accordingly, we overrule the contentions uttered by John and affirm the judgment entered below.

Brian Quinn
Justice

Do not publish.

---

[1] The stipulation executed by the parties served to illustrate the legal and factual relationship between Clear Lake, McDonald, and J. Robert Searcy, M.D. That its effect was to also illustrate that Clear Lake had an enforceable right in the contract does not mean that it was an impermissible attempt to manufacture jurisdiction where none existed. If this were not so, then most any stipulation of relevant fact that served to aid one in prosecuting a cause of action could be considered as an attempt to impermissibly create jurisdiction. For instance, if the parties were to stipulate that the amount of damages were of a certain sum, and that sum fell within the court's jurisdictional limits, one could then later say that the stipulation created jurisdiction. This result is untenable.