Opinion issued January 23, 2003









In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00079-CV




EMZY T. BARKER, III AND AVA BARKER, D/B/A BRUSHY CREEK
BRAHMAN CENTER AND BRUSHY CREEK CUSTOM SIRES, Appellants

V.

WALTER W. ECKMAN, INDIVIDUALLY AND AS NOMINEE AND
TRUSTEE OF THE ECKMAN FAMILY TRUST; ECKMAN, INC.; AND
LARRY ECKMAN, Appellees




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 97-29163




MEMORANDUM OPINIONThis appeal arises out of an agreement to store bull semen. Appellee Walter
W. Eckman sued—both individually and on behalf of others—appellants Emzy T.
Barker, III and Ava Barker, who do business under the names Brushy Creek Brahman
Center and Brushy Creek Custom Sires. The Eckmans


 sued for breach of contract,
alleging that the Barkers made sales of semen without providing notice and payment
and that the Barkers improperly charged them for storage.
          The jury awarded the Eckmans $111,983.58 in actual damages and $222,000
in attorney’s fees for the trial. The Barkers subsequently moved for judgment
notwithstanding the verdict, claiming the four-year statute of limitations barred the
Eckmans’ claims for all but $16,180.14 in actual damages. See Tex. Civ. Prac. &
Rem. Code Ann. § 16.004(a)(3) (Vernon 2002) (four-year limitations period for
debt), § 16.051 (Vernon 1997) (two-year residual limitations period). The Eckmans
argued the lawsuit was timely filed under either the two- or four-year statute of
limitations, because they claim a cause of action for bailment does not accrue until
the bailor makes a demand on the bailee.


 See Tex. Civ. Prac. & Rem. Code Ann.
§ 16.003 (Vernon 2002) (two-year limitations period). The trial court denied the
Barkers’ motion and signed a final judgment on the jury’s verdict.
          The Barkers bring three issues on appeal: (1) the Eckmans’ breach-of-contract
claims are barred by limitations; (2) to the extent the Eckmans’ claims are for
conversion, attorney’s fees are not recoverable; and (3) the $222,000 award of
attorney’s fees is not reasonably proportional to the Eckmans’ remaining $16,180.14
in actual damages. We affirm.
          The parties disagree on the nature of the bailment between them and the cause
of action for which the Eckmans’ sued. We agree with the Barkers that the bailment
between them and the Eckmans constitutes a contractual relationship. See Sanroc Co.
Int’l v. Roadrunner Transp., Inc., 596 S.W.2d 320, 322 (Tex. Civ. App.—Houston
[1st Dist.] 1980, no writ). We also agree that this bailment relationship does not
create a special cause of action, but instead allows the bailors to chose specific relief
for a breach of the bailment contract, e.g., an action for breach of contract or an action
for conversion. See Int’l Freight Forwarding, Inc. v. Am. Flange, 993 S.W.2d 262,
269 (Tex. App.—San Antonio 1999, no pet.). We also agree with the Barkers that the
Eckmans elected to sue for breach of contract, rather than conversion. However, we
do not agree that the Barkers have conclusively demonstrated that the Eckmans’
claims are barred by the four-year statute of limitations.
          Issue one is, in essence, a legal-sufficiency complaint. If we agree—as we
do—that the Eckmans’ claims are based exclusively on breach of contract, then the
Barkers ask us to hold as a matter of law that those claims are barred by the four-year
by limitations. The Barkers preserved this issue in the trial court in their motion for
judgment notwithstanding the verdict.
          On appeal, we review the denial of a motion for judgment notwithstanding the
verdict under a legal-sufficiency standard. Navarette v. Temple Indep. Sch. Dist., 706
S.W.2d 308, 309 (Tex. 1986). Because the Barkers had the burden of proof on the
limitations issue, they must demonstrate on appeal that the evidence establishes, as
a matter of law, all vital facts in support of limitations. See Sterner v. Marathon Oil
Co., 767 S.W.2d 686, 690 (Tex. 1989).
          The Barkers point us to plaintiffs’ exhibit 46, a summary of damages, as the
only evidence supporting their argument. They do not make a formal “matter of law”
challenge by (1) examining the record for evidence that supports the jury’s implied
finding, while ignoring all evidence to the contrary and, (2) if there is no evidence to
support the finding, then examining the entire record to see if limitations is
established as a matter of law. See Sterner, 767 S.W.2d at 690; see also Tex. R. App.
P. 38.1(h) (appellate brief must contain clear and concise argument for contentions
made, with appropriate citations to authorities and record). The Barkers have,
therefore, waived issue one.
          We overrule issue one.
          In light of our previous discussion upholding the award of $111,983.58 in
actual damages, we need not address the Barkers’ remaining issues regarding whether
the Eckmans have asserted a claim for conversion or whether the attorney’s fees are
disproportionate in the event the Eckmans can only recover $16,180.14.
          We affirm the trial court’s judgment.
 
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Hedges and Nuchia.