Opinion issued January 22, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00079-CV




EMZY T. BARKER, III AND AVA BARKER, D/B/A BRUSHY CREEK
BRAHMAN CENTER AND BRUSHY CREEK CUSTOM SIRES, Appellants

V.

WALTER W. ECKMAN, INDIVIDUALLY AND AS NOMINEE AND
TRUSTEE OF THE ECKMAN FAMILY TRUST; ECKMAN, INC.; AND
LARRY ECKMAN, Appellees




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 97-29163




MEMORANDUM OPINION ON REHEARINGAppellants Emzy T. Barker, III and Ava Barker have filed a motion for
rehearing and motion for en banc reconsideration. We grant their motion for
rehearing, withdraw our January 23, 2003 opinion, vacate our January 23, 2003
judgment, and dismiss as moot the motion for en banc reconsideration. See Butler v.
State, 6 S.W.3d 636, 637 n.1 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d)
(discussing treatment of motions for en banc consideration).
          This appeal arises out of an agreement to store bull semen. Appellee Walter
W. Eckman sued—both individually and on behalf of others—appellants Emzy T.
Barker, III and Ava Barker, who do business under the names Brushy Creek Brahman
Center and Brushy Creek Custom Sires. The Eckmans


 sued for breach of contract,
alleging that the Barkers made sales of semen without providing notice and payment
and that the Barkers improperly charged them for storage.
          The jury awarded the Eckmans $111,983.58 in damages and $222,000.00 in
attorney’s fees for the trial. The Barkers subsequently moved for judgment
notwithstanding the verdict, claiming the four–year statute of limitations barred the
Eckmans’ claims for all but $16,180.14 in breach–of–contract damages. See Tex.
Civ. Prac. & Rem. Code Ann. § 16.004(a)(3) (Vernon 2002) (four–year limitations
period for debt), § 16.051 (Vernon 1997) (four–year residual limitations period). The
Eckmans argued the lawsuit was timely filed under either the two– or four–year
statute of limitations, because they claim a cause of action for bailment does not
accrue until the bailor makes a demand on the bailee.


 See Tex. Civ. Prac. & Rem.
Code Ann. § 16.003 (Vernon 2002) (two-year limitations period). The trial court
denied the Barkers’ motion and signed a final judgment on the jury’s verdict.
          The Barkers bring three issues on appeal: (1) the Eckmans’ breach–of–contract
claims are barred by limitations; (2) to the extent the Eckmans’ claims are for
conversion, attorney’s fees are not recoverable; and (3) the $222,000.00 award of
attorney’s fees is not reasonably proportional to the Eckmans’ remaining $16,180.14
in damages. We affirm in part and reverse and render in part.
Discussion
          The parties disagree on the nature of the bailment between them and the cause
of action for which the Eckmans’ sued. We agree with the Barkers that the bailment
between them and the Eckmans constitutes a contractual relationship. See Sanroc Co.
Int’l v. Roadrunner Transp., Inc., 596 S.W.2d 320, 322 (Tex. Civ. App.—Houston
[1st Dist.] 1980, no writ). We also agree that this bailment relationship does not
create a special cause of action, but instead allows the bailors to chose specific relief
for a breach of the bailment contract, e.g., an action for breach of contract or an action
for conversion. See Int’l Freight Forwarding, Inc. v. Am. Flange, 993 S.W.2d 262,
269 (Tex. App.—San Antonio 1999, no pet.). We also agree with the Barkers that the
Eckmans elected to sue for breach of contract, rather than conversion.
          In their appellants’ brief, the Barkers contend it is undisputed that if the
four–year statute of limitations applies, then all but $16,180.14 in breach–of–contract
damages are barred. The Eckmans do not contradict this assertion regarding the facts
in their original appellees’ brief. Accordingly, we accept the Barkers’ factual
assertion that all but $16,180.14 in breach–of–contract damages are barred by the
statute of limitations. See Tex. R. App. P. 38.1(f).
          We sustain issue one. In light of our disposition of issue one, we do not reach
issue two.
          In issue three, the Barkers contend that in reviewing the amount of the jury’s
$222,000.00 award of attorney’s fees, this Court should consider only the $16,180.14
in breach–of–contract damages not barred by the statute of limitations, rather than the
jury’s award of $111,983.58. Comparing $220,000.00 to $16,180.14, the Barkers
argue this almost fourteen–to–one ratio of attorney’s fees to breach–of–contract
damages is so disproportional that this Court should suggest a remittitur or grant a
new trial.



          On rehearing, the Barkers frame their request that we suggest a remittitur or
grant a new trial in terms of factual–sufficiency review. See Larson v. Cactus Utility
Co., 730 S.W.2d 640, 641 (Tex. 1987) (specifying factual–sufficiency review as
standard when court of appeals orders remittitur). When reviewing a jury verdict to
determine the factual sufficiency of the evidence, this Court must consider and weigh
all the evidence and should set aside the judgment only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King’s Estate, 244 S.W.2d 660, 661
(Tex. 1951); see also Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).
          The trial court submitted, without objection, an attorney’s–fees question to the
jury, and the jury answered as follows:
What is a reasonable fee for the necessary services of the
Eckmans’ attorneys in this case, stated in dollars and cents?
 
Answer with an amount for each of the following:
 
a.For preparation and trial.
 
ANSWER: $222,000.00
 
b.For an appeal to the Court of Appeals.
 
ANSWER: $10,000.00
 
c.For making or responding to a Petition for
Review to the Supreme Court of Texas.
 
ANSWER: $2,500.00
 
d.If Petition for Review is granted by the
Supreme Court of Texas.
 
ANSWER: $10,000.00
 
Factors to be considered in determining the reasonableness of attorney’s
fees include:
 
a.the time and labor involved, the novelty and difficulty of
the questions involved, and the skill required to perform the legal
services properly;
 
b.the fee customarily charged in the locality for similar legal
services;
 
c.the amount of money involved in the case and the results
obtained;
 
d.the experience, reputation, and ability of the lawyers
performing the services;
 
e.whether the fee is fixed or is contingent upon results
obtained; and [sic]
 
f.the time limitations imposed by the client or the
circumstances;
 
g.the nature and length of the professional relationship with
the client.
The Barkers did not object to the submission of this global attorney’s–fees question,
nor did they tender their own question asking the jury to segregate the Eckmans’
attorney’s fees for various services. Any error, therefore, in asking the jury to award
attorney’s fees globally has been waived. See Hruska v. First Nat’l Bank, 747
S.W.2d 783, 785 (Tex. 1988). We, therefore, review the factual sufficiency of the
attorney’s fees awarded by the jury in light of the jury’s award of $111,983.58 for the
Barkers’ failure to comply with the contract.



          David Walter Eckman, one of the Eckmans’ attorneys, testified about the
attorney’s fees for which the Eckmans were billed. Robert Ketchand, who is board
certified in civil trial law, testified that he reviewed the billing summaries of the
Eckman’s attorneys and that the reasonable attorney’s fees were $222,000.00 for
preparation and trial, $10,000.00 for an appeal to the court of appeals, $2,500.00 for
making or responding to a petition for review to the Supreme Court of Texas, and
$10,000.00 if petition for review is granted by the Supreme Court of Texas. These
are the same amounts of attorney’s fees later found by the jury. The Barkers
cross–examined both attorneys Eckman and Ketchand, but did not elicit particularly
damaging statements from either.
          After considering and weighing all the evidence on attorney’s fees in light of
the charge, we do not find that the trial court’s judgment in that regard to be so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. We , therefore, overrule issue three.

Conclusion
          Having granted the Barkers’ motion for rehearing, withdrawn our January 23,
2003 opinion, vacated our January 23, 2003 judgment, and dismissed as moot the
motion for en banc reconsideration, we now (1) reverse the portion of the trial court’s
judgment which awards breach–of–contract damages in the amount of $111,983.58
and prejudgment interest on that $111,983.58 and (2) render judgment awarding
breach–of–contract damages in the amount of $16,180.14 and prejudgment interest
on that $16,180.14. We affirm the remaining portion of the trial court’s judgment.
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hedges.