NO. 07-05-0308-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 14, 2005


______________________________



REBECCA HERNANDEZ, 



 Appellant


v.



CITY of LUBBOCK and BLAKE LITTLEJOHN, 



 Appellees

_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-529,164; HON. SAM MEDINA, PRESIDING


_______________________________



Order of Dismissal


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Pending before the court is a motion to dismiss this appeal, filed by appellee Blake
Littlejohn. (1) Therein, Littlejohn contends that we have no jurisdiction over the cause since
the appeal is interlocutory. Furthermore, it allegedly is interlocutory because no final order
disposing of all claims against all parties was executed by the trial court. In particular, the
trial court's order of dismissal did not include the City of Lubbock (Lubbock). The record
before us supports the contention of Littlejohn.

 Hernandez sued both Lubbock and Littlejohn for damages. In response, Littlejohn
filed a motion to dismiss the suit against him. The trial court granted his motion and
entered an order "dismiss[ing] with prejudice" the claims against Littlejohn. Nothing was
said about the claims asserted against Lubbock. 

 Save for a few instances, courts of appeal have appellate jurisdiction only over final
orders and judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
Additionally, a judgment is final only when it disposes of all claims asserted by or against
all parties. M. O. Dental Lab v. Rape, 139 S.W.3d 671, 676 (Tex.2004); Lehmann v.
Har-Con Corp., 39 S.W.3d at 195. Here, the order from which appeal was taken did not
dispose of all claims against all parties. Nor does the record contain evidence evincing that
Hernandez' claims against Lubbock were disposed of via any other order. 

 Accordingly, we dismiss this appeal for want of jurisdiction. 

 

 Per Curiam 
1. Though appellant has had ten days to reply to the motion, no reply has been filed to date.



ntract); Sanroc Co. v. Roadrunner Transp., Inc., 596 S.W.2d 320, 322 (Tex.
App.-Houston [1st Dist.] 1980, no writ) (holding the same). So, to the extent that everyone
at bar agreed (through the stipulation) that McDonald acted as agent for Clear Lake when
the contract was executed, the contract vested Clear Lake with contractual rights. Having
such rights, Clear Lake was entitled to enforce them. And, the suit from which this appeal
arose was simply an attempt by Clear Lake to do so by seeking damages from John for
breach of the accord. (1) 

 Accordingly, we overrule the contentions uttered by John and affirm the judgment
entered below.


 Brian Quinn

 Justice


Do not publish. 










1. The stipulation executed by the parties served to illustrate the legal and factual relationship between
Clear Lake, McDonald, and J. Robert Searcy, M.D. That its effect was to also illustrate that Clear Lake had
an enforceable right in the contract does not mean that it was an impermissible attempt to manufacture
jurisdiction where none existed. If this were not so, then most any stipulation of relevant fact that served to
aid one in prosecuting a cause of action could be considered as an attempt to impermissibly create
jurisdiction. For instance, if the parties were to stipulate that the amount of damages were of a certain sum,
and that sum fell within the court's jurisdictional limits, one could then later say that the stipulation created
jurisdiction. This result is untenable.