

## IN THE
## TENTH COURT OF APPEALS

### No. 10-13-00174-CV

**TOM MADDUX, INDIVIDUALLY AND DBA
LOST PRAIRIE CYCLES; AKA THOMAS EARL MADDUX,**

**Appellant**

 **v.**

**MICHAEL D. REID,**

**Appellee**

_____

**From the 87th District Court
Limestone County, Texas
Trial Court No. 29,549-A**

---

## MEMORANDUM OPINION

---

Michael D. Reid took his 2008 Firefighter's Edition Harley Davidson motorcycle to Tom Maddux at his place of business, Lost Prairie Cycles, to have the engine repaired. When it was repaired, Maddux called Reid to come pick it up. Reid did not immediately pick up the motorcycle. By the time he remembered about picking it up, the motorcycle had been damaged by a fire started by Maddux in his pasture which spread to the motorcycle shop and Reid's motorcycle. Reid sued Maddux for the

market value of the motorcycle. After a jury trial, Reid was awarded $19,000 for the motorcycle. Because we find no error, we affirm the trial court's judgment.

Maddux represented himself at trial and is representing himself in this appeal.[1] At three distinct places in his brief, he sets out: 1) specific points for review, 2) questions of fact, and 3) questions of law. These are set out, verbatim, below.

Points Presented for Review:
1. Whether Appellant, under the agreed Contract was liable to Appellee for additional care of the Motorcycle beyond the three days agreed on by the Contracted Parties.
2. Whether Appellee breached the agreed verbal Contract.
3. Whether the $19,000 arrived at by the Court is justified by the facts and law presented at Trial.
4. Whether the Trial Court can provide an award in opposition to Texas Statutes and Codes CHAPTER 41. DAMAGES.

(Ap. Br. pg. 6).

QUESTIONS OF FACT
1. Did Appellee have a verbal contract with Appellant?
2. Did Appellee leave his supposed motorcycle at LOST PRAIRIE CYCLES beyond the agreed time?
3. Is Appellee the owner of the damaged motorcycle?
4. Did Appellant fulfill his contract obligation with Appellee?
5. Did Appellant receive any consideration from Appellee for the work done on the motorcycle?
6. Did Appellee present proof of value for the damaged motorcycle?
7. Is Appellee continuing to occupy space on Appellant's land?
8. Is Appellee attempting to collect twice for the same loss since Appellee was compensated for the loss of the motorcycle in question by Appellee's Insurance Company (Progressive)?

---

[1] To some extent, Maddux's brief evidences a belief that we will be conducting something akin to a new trial rather than a review of the previously conducted trial for legal error that impacted the judgment. Some of his arguments, which may have been appropriate for consideration in the trial court cannot be addressed on appeal. We have endeavored to address those issues raised by Maddux which are appropriate for appeal in this opinion

(Ap. Br. pg. 18).

QUESTIONS OF LAW

1. Was Appellant liable for abandoned property, past the agreed upon verbal contract date, which was damaged in the accidental fire?

2. Was Appellant liable for Appellees's (sic) failure to retrieve his alleged property timely?

3. Was Appellant under contract with Appellee at the time the accidental fire consumed the Motorcycle?

4. Does Appellant deserve compensation for the space being used by the damaged motorcycle?

5. Is Appellee being indemnified for the same motorcycle from Progressive Casualty Insurance Company and Appellant Thomas Earl?

(Ap. Br. pg. 19).

Some of the points and questions relate to each other. Thus, we will try to group, as best we can, the related items to determine Maddux's appeal.

**BAILMENT**

To start, we combine the first two points, whether Maddux, under an agreed contract was liable to Reid for additional care of the motorcycle beyond the three days alleged to have been agreed on by the parties and whether Reid breached the alleged verbal contract, with Maddux's first four questions of fact and first three questions of law. Based on the arguments in his brief, it appears Maddux contends that he and Reid had a verbal agreement that Reid would pick up the motorcycle within three days after he was notified that it was repaired; that Reid breached the agreement by not picking up the motorcycle in that time, and therefore, Maddux was not liable to Reid for the damage to the motorcycle.

This was a bailment case. A bailment is the "delivery of personal property by one person (the bailor) to another (the bailee) who holds the property for a certain purpose under an express or implied-in-fact contract." *Lopez v. Lopez*, 271 S.W.3d 780, 788 n.6 (Tex. App.—Waco 2008, no pet.) (quoting BLACK'S LAW DICTIONARY 151-52 (8th ed. 2004)). The elements of a bailment are: (1) the delivery of personal property by one person to another in trust for a specific purpose; (2) acceptance of such delivery; (3) an express or implied contract that the trust will be carried out; and (4) an understanding under the terms of the contract that the property will be returned to the transferor (bailor) or dealt with as the transferor directs. *Lopez*, 271 S.W.3d at 788 n.6; *Small v. Small*, 216 S.W.3d 872, 877-78 (Tex. App.—Beaumont 2007, pet. denied).

In this case, Reid, the bailor, delivered the motorcycle to Maddux, the bailee, for the specific purpose of diagnosing and repairing the motorcycle's engine or other mechanical problems. Maddux accepted the motorcycle for that purpose. When the repairs were made, the parties understood that Maddux would notify Reid, Reid would pay for the repairs, and the motorcycle would be returned to Reid. Under these facts, the elements of a bailment have been met.

The bailment relationship is governed by principles of negligence. *Bank One, Tex., N.A. v. Stewart*, 967 S.W.2d 419, 432 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *Carter v. Flowers*, No. 02-10-00226-CV, 2011 Tex. App. LEXIS 7829, *4 (Tex. App.—Fort Worth Sept. 29, 2011, no pet.) (mem. op.). That is, the bailment contract

gives rise to a duty on the part of the bailee, and, in a case such as this of a bailment for mutual benefit of the parties,[2] that duty is to take reasonable care in safekeeping the property that is the subject matter of the bailment. *Trammell v. Whitlock*, 242 S.W.2d 157, 159 (1951); *Ampco Auto Parks, Inc. v. Williams*, 517 S.W.2d 401, 403 (Tex. Civ. App.—Dallas 1974, writ ref'd n.r.e.). *See Carter*, 2011 Tex. App. LEXIS 7829 at *4. The bailee has an obligation to return the property to the bailor when the purpose of the bailment has ended or to keep the property until the bailor reclaims it. *English v. Dhane*, 156 Tex. 231, 233, 294 S.W.2d 709, 711 (1956); *Allright Auto Parks, Inc. v. Moore*, 560 S.W.2d 129, 130 (Tex. Civ. App.—San Antonio 1977, writ ref'd n.r.e.); *see also D & D Assocs., Inc. v. Sierra Plastics, Inc.*, 570 S.W.2d 205, 206 (Tex. Civ. App.—Waco 1978, no writ) ("[E]very bailment contract contemplates return of the property bailed, either in the same or altered form, or its delivery to a third person with the express or implied consent of the bailor."); *see also Carter*, 2011 Tex. App. LEXIS 7829 at *4.

Once the bailor proves that the property was not returned, a rebuttable presumption arises of negligence by the bailee in the performance of his duties, establishing a prima facie case of liability against the bailee. *Buchanan v. Byrd*, 519 S.W.2d 841, 843 (Tex. 1975); *Sanroc Co. International v. Roadrunner Transp., Inc.*, 596 S.W.2d 320, 322 (Tex. App.—Houston [1st Dist.] 1980, no pet.). Once a prima facie case

---

[2] *Andrews v. Allen*, 724 S.W.2d 893, 895-96 (Tex. App.—Austin 1987, no writ) (defining a bailment for mutual benefit as one in which the bailment was created as an incident of a business in which the bailee makes a profit).

is presented and the fact of negligence is presumed, the bailee has the duty to produce evidence of some other cause of loss or injury not due to his negligence. *Trammell v. Whitlock*, 242 S.W.2d 157, 160 (Tex. 1951); *Prime Prods. v. S.S.I. Plastics*, 97 S.W.3d 631, 635 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). The presumption may not be overcome by the bailee by proving loss by fire or theft. *Sanroc Co. International, Inc.*, 596 S.W.2d at 322.

Reid proved that the motorcycle was not returned because it had been damaged in a fire. Thus, he presumptively proved negligence. The burden shifted to Maddux to show some other cause of loss or injury that was not due to his own negligence. The evidence showed that Maddux started a fire in his pasture, lost control of it, and the motorcycle was damaged due to the fire. No other reason for the loss was presented. Based on this evidence, the presumption of Maddux's negligence was not overcome.

Maddux contends Reid's failure to retrieve the motorcycle within three days after notification of its repair, relieves Maddux of his obligation to protect or care for the motorcycle. But limitations of liability must be called to the attention of the bailor before they may become part of the bailment contract. *Allright, Inc. v. Elledge*, 515 S.W.2d 266, 268 (Tex. 1974). There was no evidence of a three day pick-up requirement that was brought to Reid's attention. Thus, Maddux's liability was not limited.

Accordingly, based on the reasons above, Maddux's first two points of review, first four questions of fact, and first three questions of law are overruled.

**INSURANCE PROCEEDS**

In Maddux's third point, he complains that the $19,000 award to Reid was excessive because Reid had been paid by his insurance company for a previous accident with the motorcycle and had possibly paid off his loan on the motorcycle with the insurance proceeds. He also contends that because Reid was poised to make a profit, the extra amount awarded must have been for other damages that were not presented to the jury. This point seems to relate to Maddux's eighth question of fact and fifth question of law.

To the extent Maddux is arguing that Reid committed fraud, even though fraud was raised in a counter-claim a few days before trial, no issue of fraud was submitted to the jury and Maddux did not ask for it to be submitted. Thus, error, if any, is not preserved. *See* TEX. R. APP. P. 33.1; TEX. R. CIV. P. 274. To the extent Maddux is arguing about whether Reid's award should be reduced due to prior insurance payments, the collateral source rule precludes any reduction in a tortfeasor's liability because of benefits received by the plaintiff from someone else. *Haygood v. De Escabedo*, 356 S.W.3d 390, 394 (Tex. 2011). Whether Reid is receiving a windfall or whether Reid is required to reimburse Reid's insurance company, is between Reid and the insurance company. It is not relevant to the issue of Maddux's liability to Reid. Further, to the extent Maddux is arguing that additional damages questions should have been submitted to the jury,

he did not request any additional questions and this argument is not preserved. *See* TEX. R. APP. P. 33.1; TEX. R. CIV. P. 274.

Maddux's third point, eighth question of fact, and fifth question of law are overruled.

**JURY AWARD**

In his last point for review, Maddux complains that liability was determined by the trial court and not the jury; market value evidence could not be presented by the owner of the property; the award by the jury exceeded the amount presented to the trial court; and other types of damages were not submitted to the jury. This point appears to relate to his sixth question of fact.

Although the question of liability was not submitted to the jury, Maddux did not object to its omission. And, as stated in response to Maddux's first two points, Maddux did not rebut the presumption of negligence. Thus, liability was established. Further, an omitted element shall be deemed found in a manner as to support the judgment. TEX. R. CIV. P. 279. Thus, liability in this case is deemed found.

As to Maddux's damages complaints, the standard for measuring damage to personal property is the difference in its market value immediately before and immediately after the injury, at the place where the damage occurred. *Thomas v. Oldham*, 895 S.W.2d 352, 359 (Tex. 1995). An owner may testify to the value of his or her own property if the testimony relates to the market value of the property. *Id*.

Reid testified, as he may, to the market value of the motorcycle. It was a special edition firefighter model and he paid $27,500 for it. Although the exact amount is unclear, Reid believed he still owed $9,000 or $11,000 on the motorcycle after the fire. He paid off the debt owed on the motorcycle right before trial. Further, although before the fire the motorcycle had been "laid over" in a grassy ditch to avoid a collision and was in the process of being repaired, in Reid's opinion, the reasonable cash market value of the motorcycle in Limestone County when he dropped it off with Maddux was $25,000 or so. He opined that at the time of the trial, the same motorcycle could be purchased for $22,000 to $23,000.

Maddux testified that he would not buy the motorcycle due to all the parts that he said were missing from the motorcycle, at any price, after he had repaired it.[3] Maddux further testified that after the fire, he would give about $1,000 for it. He also stated that the normal reduction in value for a motorcycle after the first year is about 25 percent. Reid testified he had no idea what the motorcycle was worth now, after the fire, because Maddux would not let him see it or retrieve it. He stated he would have to rely on Maddux's testimony that it was worth $1,000 after the fire.

Considering the testimony regarding the value of the motorcycle, the amount awarded by the jury is supported by the evidence. *See Callejo v. Brazos Electric Power*

---

[3] Reid testified that the seat, the exhaust pipes, the muffler and the "tour package" still needed to be added to the motorcycle. Reid had these parts, other than the tour package, in his possession. After the motorcycle was destroyed in the fire, he returned the parts.

Maddux v. Reid

*Cooperative, Inc.*, 755 S.W.2d 73, 75-76 (Tex. 1988). Maddux's fourth point for review and sixth question of fact are overruled.

## COMPENSATION

Although no corresponding point for review is raised, Maddux also contends in his seventh question of fact and fourth question of law that Reid's motorcycle is still on his premises and that Maddux deserves compensation for the space being used by the motorcycle. In his fifth question of fact, Maddux further requests compensation for the work he performed on Reid's motorcycle. No issue regarding compensation of any kind was submitted to the jury, and Maddux did not ask for it to be submitted. Thus, error, if any, is not preserved. *See* TEX. R. APP. P. 33.1; TEX. R. CIV. P. 274. Maddux's fifth and seventh questions of fact and fourth question of law are overruled.

## CONCLUSION

Having overruled each of Maddux's points for review, questions of fact, and questions of law, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 18, 2015
[CV06]

